UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION | Master Case No.  18-cv-06245-JSW |
| | **ORDER GRANTING MOTION TO DISMISS** |
| | Re: Dkt. No. 71 |

Now before the Court is the motion to dismiss filed by Defendants Alphabet, Inc., Google LLC, Lawrence E. Page, Sundar Pichai, Keith P. Enright, and John Kent Walker, Jr. (collectively "Alphabet").  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court HEREBY GRANTS Alphabet's motion to dismiss, with leave to amend.

## BACKGROUND

Plaintiffs originally filed their complaint in this matter on October 11, 2018.  Alphabet then moved to dismiss.  After consolidation of related cases and appointment of lead plaintiff and lead counsel, Plaintiffs filed a consolidated amended complaint on April 26, 2019.  On May 31, 2019, Alphabet again moved to dismiss for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Plaintiffs allege that Alphabet made false or misleading statements and that those statements violated (i) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Securities Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5; and (ii) Section 20(a) of the Exchange Act, 15 U.S.C. § 78t.

United States District Court
Northern District of California

**ANALYSIS**

**A.      Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted)).  However, documents subject to judicial notice may be considered on a motion to dismiss.  In doing so, the Court does not convert a motion to dismiss to one for summary judgment.  *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

Federal Rule of Civil Procedure 8 requires plaintiffs to "plead a short and plain statement of the elements of his or her claim."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir.

2000). Rule 8 requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'").

Where a plaintiff alleges fraud, however, Rule 9(b) requires the plaintiff to state with particularity the circumstances constituting fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc) (superseded by the Private Securities Litigation Reform Act ("PSLRA") on other grounds). A plaintiff averring fraud must plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Particularity under Rule 9(b) requires the plaintiff to plead the "who, what, when, where, and how" of the misconduct alleged. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). In the securities context, the pleading requirements are even more stringent and require that "the particular circumstances indicating falseness of the defendant's statements to be pled, specifically, 'an explanation as to why the statement or omission complained of was false or misleading.'" *In re Intuitive Surgical Sec. Litig,* 65 F. Supp. 3d 821, 830 (N.D. Cal. Aug. 21, 2014) (citing *In re GlenFed*, 42 F.3d at 1548).

The Rule 9(b) requirement "has long been applied to securities complaints." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). "At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of . . . Rule 9(b) and the PSLRA." *Id.* The PSLRA requires that "a complaint 'plead with particularity both falsity and scienter.'" *Id.* (quoting *Gompper v. VISX*, 298 F.3d 893, 895 (9th Cir. 2002)).

Under the PSLRA, actions based on allegations of material misstatements or omissions must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is

1  formed." 15 U.S.C. § 78u-4(b)(1). In order adequately to plead scienter, the PSLRA requires that

2  the plaintiff "'state with particularity facts giving rise to a *strong* inference that the defendant

3  acted with the required state of mind.'" *Zucco Partners*, 522 F.3d at at 991 (quoting 15 U.S.C. §

4  78u-4(b)(2)). If the allegations are insufficient to state a claim, a court should grant leave to

5  amend, "unless it is clear that the complaint could not be saved by any amendment." *Id*. at 989

6  (quoting *Livid Holdings Ltd. v. Solomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005)).

7  **B.      Section 10(b).**

8       Under Section 10(b) of the Exchange Act it is unlawful "to use or employ in connection

9  with the purchase or sale of any security registered on a national securities exchange . . . any

10  manipulative or deceptive device or contrivance in contravention of such rules and regulations as

11  the [Securities and Exchange] Commission may prescribe." 15 U.S.C. § 78j(b). Rule 10b-5,

12  promulgated under the authority of Section 10(b), makes it unlawful for any person, engaged in

13  interstate commerce, to: (i) employ any scheme to defraud; (ii) make any untrue statement of

14  material fact or to omit to state a material fact necessary in order to make the statements made, in

15  light of the circumstances under which they were made, not misleading; or (iii) engage in any act

16  which operates or would operate as a fraud or deceit upon any person, in connection with the

17  purchase or sale of any security. 17 C.F.R. § 240.10b-5.

18       To state a claim under Section 10(b) and Rule 10b-5, a plaintiff must allege: (i) a

19  misrepresentation or omission; (ii) of material fact; (iii) made with scienter; (iv) on which the

20  plaintiff justifiably relied; (v) that proximately caused the allege loss. *See Binder v. Gillespie*, 184

21  F.3d 1059, 1063 (9th Cir. 1999).

22       **1.    Material Misrepresentations or Omissions.**

23       Under Rule 9(b) and the PSLRA, a plaintiff must "identify[] the statements at issue and

24  set[] forth what is false or misleading about the statement and why the statements were false or

25  misleading at the time they were made." *In re Rigel Pharm., Inc. Sec. Litig*., 697 F.3d 869, 876

26  (9th Cir. 2012). Notably, this requirement applies to each challenged representation or omission.

27  *See, e.g., Doll v. Stars Holding Co*., No. 05-cv-01132-MMC, 2005 WL 2811767, at *3 (N.D. Cal.

28  Oct. 27, 2005) (noting plaintiffs must "specify the reasons why each such statement or omission is

false or misleading").  For purposes of Rule 10b-5, a statement is misleading "if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists."  *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1109 (9th Cir. 2010) (quoting *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008)).  While a statement is not misleading simply because it is incomplete, it is also the case that a "statement that is literally true can be misleading and thus actionable under the securities laws."  *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).

Here, Plaintiffs challenge the statements and representations made in the Form 10-Qs filed by Alphabet on April 23, 2018 and July 23, 2018, which incorporated the risk factors in Alphabet's Form 10-K for 2017 and stated that there were no material changes to those risk factors.  Plaintiffs allege that Alphabet's failure to disclose information about the Google+ bug rendered these statements misleading.  (Complaint at ¶¶ 43-44, 49, 55.)   Alphabet contends that the statements in its Form 10-Qs were not misleading because the software glitch had been remedied prior to the time the statements were made.  The software bug had been identified as a problem in March 2018, and Google soon thereafter implemented a fix.  (*See WSJ* Article, Ex. 1 at 1, 2; Complaint at ¶ 73.)  Because a statement of future risk does not necessarily have to warn about past problems, Alphabet contends, the representations it made in April and July of 2018 were truthful and not misleading.  There is no support for the position that a remediated technological problem which is no longer extant must be disclosed in the company's future-looking disclosures.

Second, Alphabet argues that the security measures that were included in their warnings were sufficiently specific to ensure that reasonable investors would be warned about inherent security risks in software that requires the sharing of data.  Alphabet contends that its warnings were sufficient, that "security measures may also be breached due to employee error, [] system errors or vulnerabilities . . .," and that "[p]rivacy concerns relating to our technology could damage out reputation and deter current and potential users or customers from using our products and services."  (Complaint at ¶ 27(a), (b).)  Alphabet argues that these provisional warnings were sufficient to alert a reasonable investor that the technology involved privacy concerns which could

deter potential customers from using the product.

Lastly, Alphabet argues that Plaintiffs' contentions fail because the data that was made insecure by the bug was not inherently sensitive in nature and there was not a single, identified user whose information was actually misused. (*See id.* at ¶¶ 2, 37.) The data at issue included information such as birth dates, photos, occupations, relationship status, and emails; not inherently sensitive information such as social security numbers, medical records, or bank information. (*See id.* at ¶ 37.) *See, e.g., In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 840 (N.D. Cal. 2000). Further, in this iteration of the complaint, Plaintiffs were not able to show that the alleged software defect affected Alphabet's earnings. And Plaintiff likewise fails to allege that the bug was material to Alphabet's overall business or that it materially affected its earnings. *See Panther Partners, Inc. v. Ikanos Communications, Inc.*, 347 F. Appx. 617, 621 (2d. Cir. 2009).

Further, the additional factual allegations pled in the consolidated amended complaint do not add statements that are materially false or misleading. The amended complaint adds several paragraphs regarding statements from earnings calls and shareholder meetings, as well as the April 27, 2018 Proxy Statement. (*See, e.g.,* Complaint ¶¶ 45-53.) Having reviewed the additional allegations, the Court finds that all of these additional representations constitute generalized statements regarding the importance of privacy to users and Alphabet's general commitment to transparency and protection of their users' data. These statements are too vague and generalized to constitute the bases for misrepresentations; they are merely inactionable puffery. *See Lloyd v. CVB Financial Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (statement that "strong credit culture and underwriting integrity remain paramount" constitutes vague and optimistic, inactionable puffery); *see also Cement & Concrete Workers Dist. Council Pension Fund v. Hewlett Packard CO.*, 964 F. Supp. 2d 1128, 1138-39 (N.D. Cal. 2013) (holding that statements in standards of business code are immaterial, inactionable puffery, and "not capable of objective verification").

Accordingly, the Court finds that Plaintiffs have inadequately pled factual allegations to constitute a cause of action under Section 10(b) and Rule 10b-5 as they have not stated a misrepresentation or omission of a material fact.

**2. Scienter.**

Although without an actionable misrepresentation, Plaintiffs' claims cannot proceed, the Court also finds that the allegations regarding scienter in the consolidated amended complaint fail as well. The PSLRA requires that a plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" in making those statements. 15 U.S.C. § 78u-4(b)(2)(A). The "required state of mind" is "a mental state that not only covers 'intent to deceive, manipulate, or defraud,' but also 'deliberate recklessness.'" *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (9th Cir. 2017) (quoting *Schueneman v. Arena Pharms.*, 840 F.3d 698, 705 (9th Cir. 2016)). To determine whether Plaintiffs have adequately plead a "strong inference" of scienter, the Court must ask, accepting the allegations in the complaint as true and considering them collectively, "would a reasonable person deem the influence of scienter as least as strong as any opposing inference?" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). This requires a dual inquiry. First, the Court must "determine whether any of the plaintiff's allegations, standing alone, is sufficient to create a strong inference of scienter." *In re NVIDIA Corp. Securities Litig.*, 768 F.3d 1046, 1056 (9th Cir. 2014). Second, if no allegation is by itself sufficient, the Court then considers the allegations "holistically" to determine whether, taken together, the allegations create a strong inference of scienter. *Id.*

Plaintiffs claim that the representations made by Alphabet were intentionally misleading made in order for their officers to avoid having to present testimony before Congress at a time when Facebook was facing severe scrutiny for its privacy policies and flaws. However, as the Complaint alleges, Alphabet created a privacy task force consisting of "over 100 of Google's best and brightest engineers, product managers, and lawyers" and that this task force discovered the bug during an audit. (Complaint ¶ 38.) Here, after discovering the bug, Alphabet remediated it thereby rendering the allegations in the current complaint insufficient to plead scienter. (*See* Complaint ¶ 73; Ex. 1 at 1-2, Ex. 2 at 2.)

Examining the complaint holistically, the Court also finds that Plaintiffs fail to plead

scienter with the requisite particularity.[1]  *See Tellabs*, 551 U.S. at 323-23 (when evaluating scienter, the Court must determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.").  Scienter requires at least "deliberate recklessness" or "conscious recklessness" constituting "a form of intent rather than a greater degree of negligence." *Securities and Exchange Commission v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010).  Even if, assuming arguendo that the Court could interpret certain of Alphabet's statements as reckless, the complaint does not provide allegations "sufficient to establish a *strong* inference of deliberate recklessness." *Zucco Partners*, 552 F.3d at 991 (citation omitted, emphasis in original).  Plaintiffs have failed to demonstrate that the "malicious inference is at least as compelling as any opposing innocent inference." *Id*. at 1006.[2]

## C.      Because the Section 10(b) Claim Fails, the Section 20(a) Claim Also Fails.

Because Plaintiffs have failed to allege a violation of Section 10(b), the Section 20(a) claim necessarily fails. *See, e.g., City of Dearborn Heights Act 345 Police & Fire Retirement System v. Align Tech.*, 856 F.3d 605, 623 (9th Cir. 2017) ("Plaintiff has not sufficiently alleged violations of Section 10(b) and Rule 10b-5.  And, without 'a primary violation of federal securities law,' Plaintiff cannot establish control person liability." (citation omitted)).  Accordingly, Alphabet's motion to dismiss the Section 20(a) claim is also granted.

## CONCLUSION

For the reasons explained above, the Court grants Alphabet's motion to dismiss.  The Court grants Plaintiffs leave to amend their complaint in order to cure the deficiencies identified

---

[1] The Court is not persuaded by Plaintiffs' reframing of their factual allegations in the opposition to the motion to dismiss.  In their opposition, Plaintiffs recast the bug (referred to as the Three-Year Bug) as only one of three patterns of misleading behavior.  They add the Privacy Bug as a separate event and Policy Pivot as a third event involving the alleged cover-up of the original bug.  Plaintiffs' attempt to separate out these three factual bases of the alleged misrepresentations not only does not appear in the complaint, but the three elements of the claims do not appear to make logical sense as a factual underpinning of either misrepresentation or scienter.

[2] Although not dispositive, the Court also finds that the lack of any confidential witness allegations or suspicious stock sales further undermines a finding of scienter. *See, e.g., In re Rigel*, 697 F.3d at 885 (holding that, unlike the circumstance where there are suspicious stock sales which can support an inference of scienter, the absence of stock sales "supports the opposite inference.").

by this Order.  Plaintiffs shall file an amended complaint by no later than March 13, 2020.

**IT IS SO ORDERED.**

Dated:  February 5, 2020

_____

JEFFREY S. WHITE
United States District Judge