1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA

11

12   In re ALPHABET, INC. SECURITIES          Case No.  18-cv-06245-JSW
     LITIGATION
13
                                              **ORDER DENYING MOTION FOR**
14                                            **RELIEF FROM NONDISPOSITIVE**
                                              **PRETRIAL ORDER OF MAGISTRATE**
15                                            **JUDGE**

16                                            Re: Dkt. No. 185

17

18        The Court has received Plaintiff's motion for relief from a nondispositive pretrial order of

19   a magistrate judge.  Plaintiff seeks relief from Magistrate Judge Ryu's discovery order dated June

20   22, 2023 ("Discovery Order").  (Dkt. No. 175.)

21        The District Court may modify or set aside any portion of a magistrate's ruling on non-

22   dispositive pre-trial motions found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P.

23   72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir.

24   1991).  A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left

25   with the "definite and firm conviction that a mistake has been committed."  *United States v. U.S.*

26   *Gypsum Co.*, 333 U.S. 364, 395 (1948).  "A decision is 'contrary to law' if it applies an incorrect

27   legal standard or fails to consider an element of the applicable standard."  *Na Pali Haweo*

28   *Community Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008).

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Having reviewed the record, the Court does not find the Discovery Order to be clearly erroneous or contrary to law.  The Court finds that the Magistrate Judge's discretionary ruling and current protective order complies with precedent.  *See, e.g., First United Methodist Church of San Jose v. Atl. Mut. Ins. Co.*, No 95-cv-02243-DLJ, 1995 WL 5660626, at *2 (N.D. Cal. Sept. 19, 1995) (holding that court may grant the deposition of a high-ranking executive when he or she possesses first-hand knowledge of "important, relevant, and material facts"); *Affinity Labs of Texas v. Apple, Inc.*, No. 09-cv-04436-CW (JL), 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (holding that when a party seeks the deposition of a high-level executive, the court may exercise its discretion to limit the discovery and can consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods."); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 07-cv-05634-CRB (DMR), 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014) (holding that courts consider whether the party seeking the apex deposition has obtained the information sought through other discovery or less intrusive means); *see also Apple Inc. v. Samsung Electronics Co.*, 282 F.R.D. 259, 263-34 (2012) (holding that courts looks at the relative position of the deponent within the company, the materiality and knowledge of the witness, and the availability or exhaustion of other less burdensome discovery methods).

Accordingly, Plaintiff' motion for relief from the Discovery Order is DENIED.

**IT IS SO ORDERED.**

Dated:  July 20, 2023

_____
JEFFREY S. WHITE
United States District Judge