# EXHIBIT 1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
LAURA ANDRACCHIO (187773)
MICHAEL ALBERT (301120)
J. MARCO JANOSKI GRAY (306547)
TING H. LIU (307747)
KENNETH P. DOLITSKY (345400)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
landracchio@rgrdlaw.com
malbert@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
kdolitsky@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-06245-TLT )<br>) CLASS ACTION )<br>) |
| This Document Relates To: | ) STIPULATION OF SETTLEMENT )<br>) |
| ALL ACTIONS. | )<br>) |

1      This Stipulation of Settlement (the "Stipulation") is made and entered into by and between

2  Lead Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer on behalf of the

3  Employees' Retirement System of Rhode Island ("Rhode Island" or "Lead Plaintiff"), on behalf of

4  itself and the proposed Settlement Class (defined below), on the one hand, by and through its

5  counsel of record in the Action (as defined herein), and Defendants Alphabet, Inc. ("Alphabet" or

6  the "Company"), Google LLC, Lawrence E. Page, Sundar Pichai, Keith P. Enright, and John Kent

7  Walker, Jr. (collectively, "Defendants" and together with Lead Plaintiff, the "Parties" or the

8  "Settling Parties") on the other hand, by and through their counsel of record in the Action.

9      All words or terms used herein that are capitalized shall have the meanings ascribed to those

10  words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

11  **I.    THE LITIGATION**

12      On October 11, 2018, an initial complaint in the Action was filed in the United States District

13  Court for the Northern District of California and a substantially similar complaint was filed in the

14  United States District Court for the Eastern District of New York.  *See* ECF 1; *Khaled El Mawardy*

15  *v. Alphabet, Inc., et al.*, No. 1:18-cv-05704 (E.D.N.Y.).  On November 7, 2018, the *El Mawardy* case

16  was transferred to this District.  ECF 14 at 5.

17      On January 25, 2019, Judge Jeffrey S. White consolidated the two related cases, appointed

18  Rhode Island as Lead Plaintiff and approved Rhode Island's selection of Robbins Geller Rudman &

19  Dowd LLP as Lead Counsel.  ECF 44.

20      On April 26, 2019, Lead Plaintiff filed the Consolidated Amended Complaint for Violation

21  of the Federal Securities Laws, alleging violations of §§10(b) and 20(a) of the Securities Exchange

22  Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder against Defendants (the

23  "Complaint").  ECF 62.  Defendants moved to dismiss the Complaint on May 31, 2019.  ECF 71.

24  On February 5, 2020, Judge White granted Defendants' motion to dismiss the Complaint with leave

25  to amend (the "Order").  ECF 82.  Lead Plaintiff did not amend the Complaint, and on March 13,

26  2020, the Court entered judgment in Defendants' favor.  ECF 84.

27      On April 9, 2020, Lead Plaintiff filed a notice of appeal of Judge White's Order and entry of

28  judgment to the United States Court of Appeals for the Ninth Circuit (the "Appeal").  ECF 85.  The

STIPULATION OF SETTLEMENT
3:18-cv-06245-TLT                                                                        - 1 -
4894-7457-5249.v3

Appeal was fully briefed on October 12, 2020 and oral argument was heard on February 4, 2021. *See In re State of Rhode Island v. Alphabet, Inc., et al.*, No. 20-15638 (9th Cir.). On June 16, 2021, the Ninth Circuit affirmed in part and reversed in part Judge White's motion to dismiss order, vacated the judgment, and remanded for further proceedings. *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 702 (9th Cir. 2021). On March 7, 2022, the United States Supreme Court denied Defendants' petition for *writ of certiorari*. *Alphabet, Inc., et al. v. Rhode Island*, 142 S. Ct. 1227, 212 L. Ed. 2d 233 (2022).

On June 21, 2022, in the backdrop of contentious discovery disputes and disagreements between the Parties regarding the scope of the Action, Rhode Island moved for class certification. ECF 103. Shortly thereafter, the Parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally recognized mediator, to facilitate settlement negotiations. On August 5, 2022, the Parties engaged in an in-person mediation session. The mediation session was preceded by submission of mediation statements and exhibits by each party. The Parties engaged in arm's-length negotiations during the mediation session, but did not reach an agreement at that mediation.

On August 22, 2022, Defendants filed their opposition to Rhode Island's motion for class certification, which argued, *inter alia*, that Rhode Island's damages theory improperly relied on allegations regarding a share price decline on April 30, 2019 that post-dated the Complaint and was not within its scope. ECF 130. On August 29, 2022, the Court ordered briefing regarding the scope of the Action on remand. ECF 134. On September 8, 2022, Rhode Island sought leave to supplement the Complaint pursuant to Fed. R. Civ. P. 15(d). ECF 136. Following months of extensive briefing in connection with Rhode Island's motion to certify (ECF 130-131, 145, 148-149), motion to supplement (ECF 136, 138-139, 141-143), and the parties' scope disputes (ECF 128-129, 137, 140, 144), Judge White entered an order on February 28, 2023 striking the motion for class certification and allowing Rhode Island to supplement the Complaint to include the April 2019 allegations in the Action. ECF 153. On February 28, 2023, Rhode Island filed the Supplement to the Consolidated Amended Complaint for Violations of the Federal Securities Laws and on March 14, 2023, Defendants filed their Answer to the Supplement. ECF 154-155.

1    Rhode Island filed its renewed motion for class certification on May 2, 2023.  ECF 165.

2    Rhode Island's renewed motion for class certification gave rise to extensive and wide-ranging

3    briefing, four expert reports, an attempted *amicus curiae* submission (and disputes related thereto)

4    and the deposition of one of Rhode Island's experts.  On July 25, 2023, this Action was reassigned to

5    the Honorable Trina L. Thompson, following Judge White's recusal.  ECF 188-189.

6    The Parties continued their settlement discussion through the Mediator following their initial

7    mediation  session,  without  success.   On October 20, 2023, the Parties accepted the Mediator's

8    proposal to resolve the Action.  The agreement included, among other things, the Settling Parties'

9    agreement to settle and release all claims that were asserted or could have been asserted in the

10   Action in return for a cash payment of $350,000,000.00 to be paid by Alphabet on behalf of

11   Defendants, for the benefit of the Settlement Class, subject to the negotiation of the terms of a

12   Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits

13   hereto) reflects the final and binding agreement between the Settling Parties.

14   **II.     LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT**

15   Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence

16   developed  to  date  supports  the  claims  asserted.   However,  Lead  Plaintiff  and  Lead  Counsel

17   recognize and acknowledge the expense and length of continued proceedings necessary to prosecute

18   the  Action  through  discovery,  summary  judgment,  and  trial  (and  any  possible  appeals).   Lead

19   Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any

20   litigation, especially in complex actions such as the Action, as well as the difficulties and delays

21   inherent in such litigation, which are magnified under the unusual circumstances of this Action.

22   Lead Counsel is mindful of the inherent problems of proof and the possible defenses to the claims

23   alleged  in  the  Action,  including  arguments  that  there  are  no  provable  damages  here  under

24   conventional approaches (though Lead Plaintiff disagrees with such arguments, they are consistent

25   with the assessments of multiple other plaintiffs' firms and experts).  Based on their evaluation, Lead

26   Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial

27   monetary benefits upon the Settlement Class and is in the best interests of the Settlement Class.

28

## III.   DEFENDANTS' DENIALS OF LIABILITY

Defendants deny each and all of the claims, contentions, and allegations made by Lead Plaintiff in the Action. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws, or have otherwise misled investors as alleged in the Action. Defendants have denied and continue to deny the allegations that any of the Defendants made any material misstatements or omissions or engaged in any fraudulent scheme, and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action. In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

Nonetheless, Defendants have concluded that further litigation could be protracted, burdensome, expensive, and distracting. Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or truth as to the allegations of Lead Plaintiff or lack of merit in Defendants' defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

### 1.   Definitions

As used in this Stipulation, the following terms shall have the meanings set forth below.

1.1  "Action" means the civil action captioned *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT (N.D. Cal.), pending in the United States District Court for the Northern District of California before the Honorable Trina L. Thompson.

1.2  "Authorized Claimant" means a Class Member whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation.

1.3  "Claimant" means a person or entity who or which submits a Proof of Claim to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

1.4  "Claims Administrator" means the administrator retained by Lead Counsel, subject to the approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement. Defendants shall have no involvement in the retention of the Claims Administrator or any other claims administrator.

1.5  "Defendants" means Alphabet, Google LLC, Lawrence E. Page, Sundar Pichai, Keith P. Enright, and John Kent Walker, Jr.

1.6  "Defendants' Counsel" means Freshfields Bruckhaus Deringer US LLP, Swanson & McNamara LLP, and Wilson Sonsini Goodrich & Rosati, P.C.

1.7  "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.8  "Escrow Account" means the separate escrow account designated and controlled by Lead Counsel into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

1.9  "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and its successor(s).

1.10  "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and Litigation Expenses.

1.11    "Final" means, with respect to any order of the Court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.12    "Individual Defendants" means Lawrence E. Page, Sundar Pichai, Keith P. Enright, and John Kent Walker, Jr.

1.13    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form incorporated herein as Exhibit B.

1.14    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.15    "Lead Plaintiff" means State of Rhode Island, Office of the Rhode Island Treasurer on Behalf of the Employees' Retirement System of Rhode Island.

1.16    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action for which the Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

1.17    "Mediator" means the Honorable Layn R. Phillips (Ret.).

1.18    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; (iv) any Litigation Expenses awarded by the Court; and (v) any other fees or expenses approved by the Court.

1.19    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which shall be substantially in the form incorporated herein as Exhibit A-1.

1.20    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.21    "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.22    "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, which shall be substantially in the form incorporated herein as Exhibit A.

1.23    "Proof of Claim" means the form, which shall be substantially in the form incorporated herein as Exhibit A-2, which a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund, provided, however, that such form has received the approval of the Court.

1.24   "Related Persons" means each and all of a Defendant's present and former subsidiaries, divisions, controlling persons, associates, entities, and affiliates, and each of all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; as well as the predecessors, successors, assigns, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.25   "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law, or any other law, rule or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Alphabet Class A and/or Class C common stock during the period from April 23, 2018 through April 30, 2019, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff and other members of the Settlement Class in the Action.  The definition of Released Claims includes, but is not limited to, claims arising out of Alphabet's results in the fourth quarter of 2018 or the first quarter of 2019. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

1.26   "Released Defendant Parties" means each and all of the Defendants and each and all of their Related Persons.

1.27    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties (as defined below), including Lead Counsel and Settlement Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

1.28    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.29    "Released Plaintiff Parties" means the Lead Plaintiff, each and every Settlement Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

1.30    "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.31    "Settlement Amount" means Three Hundred Fifty Million U.S. Dollars ($350,000,000.00).

1.32    "Settlement Class" or "Settlement Class Member" means all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018,

through April 30, 2019, inclusive.  Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

1.33    "Settlement Class Period" means the period from April 23, 2018, through April 30, 2019, inclusive.

1.34    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.35    "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and an award to Lead Plaintiff should be approved.

1.36    "Settlement Website" means the website developed for the Settlement, from which copies of the Notice and Proof of Claim can be downloaded.

1.37    "Settling Parties" or "Parties" means Lead Plaintiff, on behalf of itself and the Settlement Class, and Defendants.

1.38    "Stipulation" means this Stipulation of Settlement.

1.39    "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form incorporated herein as Exhibit A-3.

1.40    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing the returns described in ¶2.9.

1.41    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.9.

1.42    "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude itself, herself or himself from the Settlement Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2.     The Settlement

### a.     The Settlement Fund

2.1     In full settlement of the Released Claims, Defendants caused the Settlement Amount to be transferred to an account controlled by the Escrow Agent on January 4, 2024 (the "Payment Date").   The Settlement Amount, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Plaintiff may terminate the Settlement but only if: (i) Lead Counsel has provided all necessary Payee Information to Defendants; (ii) Defendants have received from Lead Counsel written notice of Lead Plaintiff's intention to terminate the Settlement; and (iii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

2.3    Alphabet shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

**b.    The Escrow Agent**

2.4    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government or fully insured by the United States government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.5    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Parties.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent (unless acting as the Escrow Agent).

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.8    Notwithstanding that the Effective Date has not occurred, Lead Counsel may expend up to $1,000,000 from the Settlement Fund for the reasonable costs and expenses actually incurred in

connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the submission of claims, processing Proofs of Claim, administering and preparing for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  Following the Effective Date, Lead Counsel may pay all of the costs actually and reasonably incurred in connection with the administration of the Settlement without approval of Defendants or further order of the Court.

### c.    Taxes

2.9    (a)    The Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

### d.     Termination of Settlement

2.10    In the event the Settlement is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and

Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.8 or 2.9, shall be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' Counsel to any party, parties or insurers that paid the Settlement Amount within twenty-one (21) calendar days from the date of the notice from Defendants' Counsel pursuant to ¶7.4.  In the event that the Settlement is not approved, is otherwise validly terminated or canceled, or is reversed on appeal, then the Parties agree to tack on to the applicable statute of limitations and statute of repose that amount of time that has elapsed between acceptance of the Mediator's recommendation and the Court's order disapproving the Settlement.  The purpose of this provision is to preserve the status quo between the Parties as of the time of the potential acceptance of the Mediator's recommendation, without benefitting or favoring one side or the other.

**3.      Preliminary Approval Order and Settlement Hearing**

3.1      Not later than February 5, 2024, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Settlement Class for settlement purposes only and appointment of Lead Counsel as counsel for the Settlement Class, and approval for the dissemination of the Notice and Proof of Claim and publication of the Summary Notice, in the forms of Exhibits A-1 through A-3, respectively, attached hereto.  The Notice shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2      At the same time that Lead Counsel applies for entry of the Preliminary Approval Order, Lead Counsel shall request that the Court vacate all deadlines in the Action except for proceedings related to the Settlement.

3.3      Lead Counsel shall request that, after notice is given to the Settlement Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein.  At

or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4. Releases**

4.1     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendant Parties (whether or not such Settlement Class Members execute and deliver the Proof of Claim) any and all Released Claims (including, without limitation, Unknown Claims).

4.2     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Defendant Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).  The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

4.3     The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 incorporated herein; provided, however, that the failure of a Settlement Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing

¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Settlement Class Members (who have not validly opted out of the Settlement Class) irrespective of any lack of submission of a Proof of Claim.

4.4     Upon the Effective Date, each of the Released Defendant Parties, on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within a reasonable time after the Court enters the Preliminary Approval Order, Alphabet shall provide Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiff or the Settlement Class, record shareholder lists, as appropriate for providing notice to the Settlement Class.  The Parties shall determine an appropriate electronic format for provision of this information.

5.3     In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Summary Notice, substantially in the form of Exhibit A-3 incorporated herein, to be emailed or mailed where email addresses are not available, by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim, substantially in the forms

of Exhibits A-1 and A-2 incorporated herein, shall also be posted on the Settlement Website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4     Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing and publication.

5.5     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay all Taxes and Tax Expenses described in ¶2.9 hereof;

(c)     to pay Lead Counsel's attorneys' fees and expenses and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court; and

(e)     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 incorporated herein, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in the Preliminary Order), or such other time as may be set by the Court (the "Bar Date"),

signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.7     Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8     If any Claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in ¶5.3 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  Failure to timely serve this notice, statement, and documentation shall be deemed a waiver of the ability to further contest any such rejection.  If a non-waived dispute concerning a contested rejected Proof of Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the contested rejection to the Court for a determination as to whether the Claims Administrator's rejection was clearly erroneous.

5.9     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.10    Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination or calculation of any claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.12    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Settlement Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.14    No Person shall have any claim against Lead Plaintiff, the Settlement Class, Lead Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on

distributions of the Net Settlement Fund made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

### 6.     Lead Counsel's Attorneys' Fees and Expenses

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; (b) expenses or charges incurred in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses and costs awarded by the Court shall be payable solely out of the Settlement Fund.  An application for fees and expenses may include an amount to the Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.  Defendants shall take no position on the Fee and Expense Application.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.10, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction.  Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners

and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, or award to Lead Plaintiff, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4     Defendants shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Settlement Class Member's counsel or any amount to Lead Plaintiff apart from payment of the Settlement Amount pursuant to ¶2.1.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to the Lead Plaintiff and other Settlement Class Members, and as against each of the Defendants, as set forth above; and

STIPULATION OF SETTLEMENT
3:18-cv-06245-TLT
4894-7457-5249.v3

- 23 -

(f)      the Judgment has become Final, as defined in ¶1.11 hereof.

7.2      Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If any of the conditions specified in ¶7.1 hereof is unable to be met at the time the Effective Date would otherwise occur, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3      If, prior to the Settlement Hearing, Persons who otherwise would be members of the Settlement Class have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and if those Persons collectively meet the criteria set forth in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, then Defendants shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or application arises.

7.4      Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.8 or 2.9 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel to any Party, Parties or insurers that paid the Settlement Amount.  At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in

connection with such application(s) for refund, at the written direction of Defendants' Counsel to any Party, Parties or insurers that paid the Settlement Amount.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Action as of October 20, 2023.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.42, 2.8-2.10, 7.2, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Parties shall be deemed to return to their status as of October 20, 2023.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or other payment awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

## 8.     Miscellaneous Provisions

8.1     The Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2     The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Party or any of the Released Parties as to the merits of any claim or defense.  The Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the Action, and the Judgment shall contain a finding that all Parties and their counsel complied with the requirements of

Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis or that the claims asserted were meritorious.

8.3    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

8.5     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

8.8     No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Parties or their respective successors-in-interest.   No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.9     The Stipulation and the Exhibits incorporated herein (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.   Except as otherwise provided herein each Party shall bear its own costs.

8.10    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative lawsuits or other lawsuits.   Nor shall the Settlement be conditional upon the obtaining of any judicial approval of any releases between or among Defendants and/or any third parties.

8.11    This Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.

8.12    Neither the Settlement Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof or of the proposed Judgment; provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.13    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Counsel:

> Ellen Gusikoff Stewart
> Robbins Geller Rudman & Dowd LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101

If to Defendants or to Defendants' Counsel:

> Doru Gavril
> Freshfields Bruckhaus Deringer US LLP
> 855 Main Street
> Redwood City, CA  94063

8.16    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.17    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.19    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to Lead Plaintiff filing a motion for preliminary approval of the Settlement as set forth in ¶3.1 above, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator, first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

8.20    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.21    This Stipulation and the Exhibits incorporated herein shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the

1    rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance

2    with, and governed by, the internal, substantive laws of the State of California, without giving effect

3    to that State's choice-of-law principles.

4         8.22    This Stipulation shall not be construed more strictly against one party than another

5    merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

6    the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the

7    Settling Parties and the Settling Parties have contributed substantially and materially to the

8    preparation of this Stipulation.

9

10        IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed,

11   by their duly authorized attorneys, on February 5, 2024.

12                                        ROBBINS GELLER RUDMAN
                                            & DOWD LLP
13                                        JASON A. FORGE
                                          LAURA ANDRACCHIO
14                                        MICHAEL ALBERT
                                          J. MARCO JANOSKI GRAY
15                                        TING H. LIU
                                          KENNETH P. DOLITSKY
16                                        SARAH A. FALLON

17

18                                        _____

19                                                  JASON A. FORGE

20                                        655 West Broadway, Suite 1900
                                          San Diego, CA  92101
21                                        Telephone:  619/231-1058
                                          619/231-7423 (fax)
22                                        jforge@rgrdlaw.com
                                          landracchio@rgrdlaw.com
23                                        malbert@rgrdlaw.com
                                          mjanoski@rgrdlaw.com
24                                        tliu@rgrdlaw.com
                                          kdolitsky@rgrdlaw.com
25                                        sfallon@rgrdlaw.com

26                                        Lead Counsel for Plaintiff

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRESHFIELDS BRUCKHAUS
   DERINGER US LLP
BORIS FELDMAN
DORU GAVRIL
ELISE LOPEZ
JON FOUGNER
OLIVIA ROSEN

BORIS FELDMAN

855 Main Street
Redwood City, CA  94063
Telephone:  650/618-9250
boris.feldman@freshfields.com
doru.gavril@freshfields.com
elise.lopez@freshfields.com
jon.fougner@freshfields.com
olivia.rosen@freshfields.com

SWANSON & McNAMARA LLP
MARY McNAMARA
EDWARD SWANSON
BRITT EVANGELIST
CARLY BITTMAN
300 Montgomery Street, Suite 1100
San Francisco, CA  94104
Telephone:  415/477-3800
mary@smllp.law
ed@smllp.law
carly@smllp.law

WILSON SONSINI GOODRICH &
   ROSATI, P.C.
IGNACIO E. SALCEDA
BENJAMIN M. CROSSON
STEPHEN B. STRAIN
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  650/493-9300
650/493-6811 (fax)
isalceda@wsgr.com
bcrosson@wsgr.com
sstrain@wsgr.com

Attorneys for Defendants

# EXHIBIT A

1    ROBBINS GELLER RUDMAN
        & DOWD LLP
2    JASON A. FORGE (181542)
     LAURA ANDRACCHIO (187773)
3    MICHAEL ALBERT (301120)
     J. MARCO JANOSKI GRAY (306547)
4    TING H. LIU (307747)
     KENNETH P. DOLITSKY (345400)
5    SARAH A. FALLON (345821)
     655 West Broadway, Suite 1900
6    San Diego, CA  92101
     Telephone:  619/231-1058
7    619/231-7423 (fax)
     jforge@rgrdlaw.com
8    landracchio@rgrdlaw.com
     malbert@rgrdlaw.com
9    mjanoski@rgrdlaw.com
     tliu@rgrdlaw.com
10   kdolitsky@rgrdlaw.com
     sfallon@rgrdlaw.com
11
     Lead Counsel for Plaintiff
12
                          UNITED STATES DISTRICT COURT
13
                        NORTHERN DISTRICT OF CALIFORNIA
14
                             SAN FRANCISCO DIVISION
15

16   In re ALPHABET, INC. SECURITIES      )   Master File No. 3:18-cv-06245-TLT
     LITIGATION                           )
17   ―――――――――――――――――――――                )   CLASS ACTION
                                          )
18   This Document Relates To:            )   [PROPOSED] ORDER PRELIMINARILY
                                          )   APPROVING SETTLEMENT AND
19        ALL ACTIONS.                    )   PROVIDING FOR NOTICE
     ―――――――――――――――――――――                )
20                                            EXHIBIT A

21

22

23

24

25

26

27

28

WHEREAS, a securities class action is pending before this Court entitled *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT (the "Action");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e)(1), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated February 5, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, the capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide preferential treatment to Lead Plaintiff or to segments of the Settlement Class; (d) does not provide excessive compensation to Lead Counsel; and (e) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at _:__ _.m. **[a date that is at least 100 days from the date of this Order]**, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)    to determine whether the Settlement is fair, reasonable, and adequate, and should finally be approved by the Court;

(b)    to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Defendant Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to prosecute any Released Claims or Released Defendants' Claims extinguished by the Settlement;

(c)    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)    to consider the application of Lead Counsel for an award of attorneys' fees and expenses (the "Fee and Expense Application");

(e)    to consider an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4);

(f)    to consider Settlement Class Members' responses to the Settlement, Plan of Allocation, or application for fees and expenses; and

(g)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law. The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses pursuant to the Fee and Expense Application.

4.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for the sole purpose of effectuating the Settlement, a Settlement Class defined as follows:

> all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive. Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

5.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, State of Rhode Island, Office of the Rhode Island Treasurer on behalf of the Employees' Retirement System of Rhode Island is appointed as representative of the Settlement Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP is appointed as Class Counsel for the Settlement Class.

6.        With respect to the Settlement Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class

Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that dissemination of notice, substantially in the manner and form set forth in ¶¶10-11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.      Alphabet shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel or the Claims Administrator, within a reasonable time after the Court enters this Order, documentation or data in the possession of Alphabet or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Alphabet Class A and/or Class C stock during the Class Period, and their last known addresses, email addresses (if available), or other similar information.  The Parties shall determine an appropriate electronic format for provision of this information.

10.      Lead Counsel, through the Claims Administrator, shall commence dissemination of the Summary Notice substantially in the form annexed hereto, within twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), by email or first-class mail (where email addresses are not available) to all Settlement Class Members who can be identified with reasonable effort.  Contemporaneously with the mailing of the Summary Notice, the Claims Administrator shall

cause the Notice and Proof of Claim (the "Notice Packet") to be posted on the Settlement Website at www.AlphabetSecuritiesSettlement.com, from which copies of the documents can be downloaded. For all Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses or email addresses.

11.     No later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing and publishing.

13.     Nominees who purchased or acquired Alphabet Class A and/or Class C stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall: (a) within seven (7) calendar days of receipt of the Summary Notice request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Summary Notice forward it to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Summary Notice, send a list of the names and email addresses or physical addresses where an email address is unavailable, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14.     As provided in ¶2.3 of the Stipulation, Alphabet shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

15.     The Court finds that the form and content of the notice program described herein and the methods set forth herein, for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip, or such

other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Claims that do not meet the submission requirements may be rejected.  Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to review by the Court if the Claimant so desires and otherwise complies with the requirements of this subparagraph (c).  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

17.     Any Settlement Class Member who does not submit a valid and timely Proof of Claim within the time provided, or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from sharing in any distribution of the proceeds of the Net Settlement Fund; (c) shall in all other respects be subject to and bound by the provisions of the Stipulation and all proceedings, determinations, orders, and judgments in the Action relating thereto, including without limitation,

1    the Judgment, and the Released Claims provided for therein, whether favorable or unfavorable to the

2    Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any

3    Released Claims against each and all of the Released Defendant Parties, as more fully described in

4    the Stipulation and Notice.  Notwithstanding the foregoing, Lead Counsel shall have the discretion

5    (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so

6    long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed

7    thereby, but will bear no liability for failing to accept such late claims.

8

9          18.      Any Settlement Class Member may enter an appearance in the Action, at their own

10   expense, individually or through counsel of their own choice.  If they do not enter an appearance,

11   they will be represented by Lead Counsel.

12         19.      All Settlement Class Members shall be bound by all determinations and judgments in

13   this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt

14   out," from the Settlement Class.  A Settlement Class Member wishing to be excluded from the

15   Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for

16   Exclusion"), by first-class mail such that it is postmarked no later than twenty-one (21) calendar

17   days prior to the Settlement Hearing, or _____, 2024, to the address listed in the Notice and

18   Settlement Website.  A Request for Exclusion must be signed and must legibly state: (a) the name,

19   address, and telephone number of the Person requesting exclusion; (b) the number of Alphabet Class

20   A and/or Class C shares that the Person requesting exclusion (i) owned as of the opening of trading

21   on April 23, 2018, and (ii) purchased, otherwise acquired and/or sold during the Settlement Class

22   Period, as well as the number of shares, dates and prices for each such purchase, other acquisition,

23   and sale; and (c) that the Person wishes to be excluded from the Settlement Class in *In re Alphabet,*

24   *Inc. Securities Litigation*, No. 3:18-cv-06245-TLT.  A Request for Exclusion shall not be effective

25   unless it provides all the required information and is received within the time stated above, or is

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:18-cv-06245-TLT                      - 8 -
4858-5244-6106.v3

otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final judgment.  Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

20.     The Claims Administrator, Lead Counsel, or other Person designated to receive exclusion requests shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion by email, whether timely and valid or not, as expeditiously as possible, but in no event later than five (5) calendar days of receipt thereof and in any event at least fourteen (14) calendar days before the Settlement Hearing.

21.     The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California.  Such comments or objections must be filed or postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2024.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the Fee and Expense Application is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must (a) state the name, address, email address and telephone number of the objecting Person and must be signed by the objecting person; (b) include documentation establishing the objecting Person's membership in the Settlement Class, including the

number of shares of Alphabet Class A and/or Class C shares that the objecting Person (i) owned as of the opening of trading on April 23, 2018, and (ii) purchased, otherwise acquired and/or sold during the Settlement Class Period, as well as the dates and prices for each such purchase, other acquisition or sale; and (c) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  The objection must identify all other class action settlements the objector and his, her, its, or their counsel has previously objected to in the prior two years, and contain the objector's signature, even if represented by counsel.

22.     Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

23.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any Fee and Expense Application by Lead Counsel including an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2024.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2024.

25.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any Fee or Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

26.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any Fee and Expense Application shall be approved.

27.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel, the Settlement Class nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.8 or 2.9 of the Stipulation.

28.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

29.     If the Stipulation and the Settlement set forth therein is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties.  In such event, any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall revert to their respective positions in the Action as of October 20, 2023, as provided for, and subjection to the exceptions contained in, ¶7.5 of the Stipulation.

30.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins the Lead Plaintiff, and any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any and all of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

31.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

32.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____          _____
                                        THE HONORABLE TRINA L. THOMPSON
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
LAURA ANDRACCHIO (187773)
MICHAEL ALBERT (301120)
J. MARCO JANOSKI GRAY (306547)
TING H. LIU (307747)
KENNETH P. DOLITSKY (345400)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
landracchio@rgrdlaw.com
malbert@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
kdolitsky@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-06245-TLT |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) NOTICE OF PENDENCY AND PROPOSED |
| ALL ACTIONS. | ) SETTLEMENT OF CLASS ACTION |
| | ) |
| | ) EXHIBIT A-1 |

4861-1930-8698.v3

**TO:     ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED ALPHABET, INC. ("ALPHABET") CLASS A AND/OR CLASS C STOCK DURING THE PERIOD FROM APRIL 23, 2018, THROUGH APRIL 30, 2019, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island" or "Lead Plaintiff") and Defendants Alphabet, Google LLC, Lawrence E. Page, Sundar Pichai, Keith P. Enright, and John Kent Walker, Jr., and the proposed $350,000,000.00 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claims must be postmarked or submitted online on or before _____, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before _____, 2024.** |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated February 5, 2024 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.AlphabetSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Settlement Class Member. **Objections must be filed with the Court no later than_____, 2024. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024** | Ask to speak in Court about the fairness, reasonableness, and adequacy of the Settlement. **Requests to speak must be filed with the Court no later than _____, 2024.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Recovery**

Pursuant to the Settlement described herein, a $350 million settlement fund has been established. Based on Lead Plaintiff's estimate of the number of Alphabet Class A and Class C shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $6.41 per Class A share and $5.90 per Class C share before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates**. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's allowed claim amount as compared to the total allowed claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Alphabet Class A and Class C stock were allegedly artificially inflated (if at all) during the Settlement Class Period; (4) the amount, if any, by which the prices of Alphabet Class A and Class C stock were allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the effect of various market forces on the prices of Alphabet Class A and Class C stock at various times during the period from April 23, 2018 through and including April 30, 2019, inclusive (the "Settlement Class Period"); (6) the extent to which external factors influenced the prices of Alphabet Class A and Class C stock at various times during the Settlement Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Alphabet Class A and Class C stock at various times during the Settlement Class Period; and (8)

1   the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were
2   omitted influenced (if at all) the prices of Alphabet Class A and Class C stock at various times
    during the Settlement Class Period.

3   **Statement of Attorneys' Fees and Expenses Sought**

4       Lead Counsel has expended considerable time and effort in the prosecution of this Action on
    a wholly contingent basis and has advanced the expenses of the Action in the expectation that if it
5   was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery.
    Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed nineteen percent
6   (19%) of the Settlement Amount, plus expenses not to exceed $1,750,000, plus interest earned
    thereon. In addition, Lead Plaintiff may request for an award to Lead Plaintiff in connection with its
7   representation of the Settlement Class. If the amounts requested are approved by the Court, the
    average cost per Alphabet Class A and Class C share will be approximately $1.25 and $1.15,
8   respectively.

9   **Further Information**

10      For further information regarding the Action, this Notice or to review the Stipulation, please
    contact the Claims Administrator toll-free at ___-___-____ or visit the website
11  www.AlphabetSecuritiesSettlement.com.

12      You may also contact a representative of counsel for the Settlement Class: Greg Wood,
    Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San
13  Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

14  **Please Do Not Call the Court or Defendants with Questions About the Settlement.**

15  **Reasons for the Settlement**

16      Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the
    Settlement Class now, without further risk or the delays inherent in continued litigation. The cash
17  benefit under the Settlement must be considered against the significant risk that a smaller recovery –
    or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a
18  process that could last several years into the future. For the Defendants, who have denied and
    continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for
19  entering into the Settlement is that further litigation could be protracted, burdensome, expensive, and
    distracting. Defendants also have taken into account the uncertainty, risks, and costs, inherent in any
20  litigation, especially in complex cases such as this Action. Defendants have, therefore, determined
    that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved,
21  discharged and settled in the manner and upon the terms and conditions set forth in the Stipulation.

22                                **BASIC INFORMATION**

23  | **1.       Why did I get this Notice package?** |
    | --- |

24      This Notice is being provided to you pursuant to an Order of a U.S. District Court because
25  you or someone in your family or an investment account for which you serve as custodian may have
    purchased or acquired Alphabet Class A and/or Class C stock shares during the Settlement Class
26  Period.

27      This Notice explains the class action lawsuit, the Settlement, Settlement Class Members'
    legal rights in connection with the Settlement, what benefits are available, who is eligible for them,
28  and how to get them.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                          - 3 -
4861-1930-8698.v3

The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT. The case has been assigned to the Honorable Trina L. Thompson. The institution representing the Class is the Lead Plaintiff, and the companies and individuals it sued and who have now settled are called the Defendants.

## 2.      What is this lawsuit about?

On October 11, 2018, an initial complaint in the Action was filed in the United States District Court for the Northern District of California and a substantially similar complaint was filed in the United States District Court for the Eastern District of New York. *Khaled El Mawardy v. Alphabet, Inc., et al.*, No. 1:18-cv-05704 (E.D.N.Y.). On November 7, 2018, the *El Mawardy* case was transferred to the Northern District of California.

On January 25, 2019, Judge Jeffrey S. White consolidated the two related cases, appointed Rhode Island as Lead Plaintiff and approved Rhode Island's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On April 26, 2019, Lead Plaintiff filed the Consolidated Amended Complaint for Violation of the Federal Securities Laws, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder against Defendants (the "Complaint"). Defendants moved to dismiss the Complaint on May 31, 2019. On February 5, 2020, Judge White granted Defendants' motion to dismiss the Complaint with leave to amend (the "Order"). Lead Plaintiff did not amend the Complaint, and on March 13, 2020, the Court entered judgment in Defendants' favor.

On April 9, 2020, Lead Plaintiff filed a notice of appeal of Judge White's Order and entry of judgment to the United States Court of Appeals for the Ninth Circuit (the "Appeal"). The Appeal was fully briefed on October 12, 2020 and oral argument was heard on February 4, 2021. *See In re State of Rhode Island v. Alphabet, Inc., et al.*, No. 20-15638 (9th Cir.). On June 16, 2021, the Ninth Circuit affirmed in part and reversed in part Judge White's motion to dismiss order, vacated the judgment, and remanded for further proceedings. *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 702 (9th Cir. 2021). On March 7, 2022, the United States Supreme Court denied Defendants' petition for *writ of certiorari*. *Alphabet, Inc., et al. v. Rhode Island*, 142 S. Ct. 1227, 212 L. Ed. 2d 233 (2022).

On June 21, 2022, in the backdrop of contentious discovery disputes and disagreements between the Parties regarding the scope of the Action, Rhode Island moved for class certification. Shortly thereafter, the Parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally recognized mediator, to facilitate settlement negotiations. On August 5, 2022, the Parties engaged in an in-person mediation session. The mediation session was preceded by submission of mediation statements and exhibits by each party. The Parties engaged in arm's-length negotiations during the mediation session, but did not reach an agreement at that mediation.

On August 22, 2022, Defendants filed their opposition to Rhode Island's motion for class certification, which argued, *inter alia*, that Rhode Island's damages theory improperly relied on allegations regarding a share price decline on April 30, 2019 that post-dated the Complaint and was not within its scope. On August 29, 2022, the Court ordered briefing regarding the scope of the Action on remand. On September 8, 2022, Rhode Island sought leave to supplement the Complaint pursuant to Fed. R. Civ. P. 15(d). Following months of extensive briefing in connection with Rhode Island's motion to certify, motion to supplement, and the parties' scope disputes, Judge White entered an order on February 28, 2023 striking the motion for class certification and allowing Rhode Island to supplement the Complaint to include the April 2019 allegations in the Action. On February 28, 2023, Rhode Island filed the Supplement to the Consolidated Amended Complaint for Violations of the Federal Securities Laws and on March 14, 2023, Defendants' filed their Answer to the Supplement.

Rhode Island filed its renewed motion for class certification on May 2, 2023. Rhode Island's renewed motion for class certification gave rise to extensive and wide-ranging briefing, four expert reports, an attempted *amicus curiae* submission (and disputes related thereto) and the deposition of one of Rhode Island's experts. On July 25, 2023, this Action was reassigned to the Honorable Trina L. Thompson, following Judge White's recusal.

The Parties continued their settlement discussion through the Mediator following their initial mediation session, without success. On October 20, 2023, however, the Parties accepted the Mediator's proposal to resolve the Action. The agreement included, among other things, the Settling Parties' agreement to settle and release all claims that were asserted or could have been asserted in the Action in return for a cash payment of $350,000,000.00 to be paid by Alphabet on behalf of Defendants, for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Action. They have expressly denied and continue to deny that they have violated the federal securities laws or any other laws, or have otherwise misled investors as alleged in the Action. Defendants have denied and continue to deny the allegations that any of the Defendants made any material misstatements or omissions or engaged in any fraudulent scheme, and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action. In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive, except those Persons that are excluded.

Excluded from the Settlement Class are: Defendants and their families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online at www.AlphabetSecuritiesSettlement.com on or before _____, 2024.

**5.      What if I am still not sure if l am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at ___-___-____, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.      What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $350 million to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, Court-awarded attorneys' fees and expenses, any Litigation Expenses awarded by the Court, and any other fees or expenses approved by the Court to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

**7.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total value of Alphabet Class A and/or Class C shares represented by the valid Proofs of Claim that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

**8.      How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim.  A Proof of Claim may be downloaded at www.AlphabetSecuritiesSettlement.com.   Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2024.**  The Proof of Claim form may be submitted online at www.AlphabetSecuritiesSettlement.com.

**9.      When would I get my payment?**

**The Court will hold a Settlement Hearing on _____, 2024, at _____,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

**10.      What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their "Related Persons" (as defined below) about the "Released Claims" (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all Released Claims, including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Related Persons" means each and all of a Defendant's present and former subsidiaries, divisions, controlling persons, associates, entities, and affiliates, and each of all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; as well as the predecessors, successors, assigns, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law, or any other law, rule or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Alphabet Class A and/or Class C common stock during the period from April 23, 2018 through April 30, 2019, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff and other members of the Settlement Class in the Action.  The definition of Released Claims includes, but is not limited to, claims arising out of Alphabet's results in the fourth quarter of 2018 or the first quarter of 2019. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Counsel and Settlement Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, and each of all of their Related Persons.

- "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth therein, or might have affected his, her or its decision not to

object to this Settlement or not exclude itself, herself or himself from the Settlement Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Settlement Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Alphabet*

*Securities Settlement*." Your letter must include the number of Alphabet Class A and/or Class C shares that you (i) owned as of the opening of trading on April 23, 2018, and (ii) purchased, otherwise acquired and/or sold during the Settlement Class Period, including the number of shares, dates and prices for each such purchase, other acquisition and sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

*Alphabet Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC_____
ATTN: EXCLUSIONS
P.O. Box _____
_____, __ _____-_____

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Action, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

| **12.    If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2024.

| **13.    If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

| **14.    Do I have a lawyer in this case?** |
| --- |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.    How will the lawyers be paid?** |
| --- |

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed nineteen percent (19%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,750,000 in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Lead Plaintiff may seek up to $10,000 for its time and expenses incurred in representing the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4). Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

Any Settlement Class Member who does not request exclusion, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. You must include your name, address, email address, telephone number, and your signature. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____, 2024.

The notice of objection must include documentation establishing the objecting Person's membership in the Settlement Class, including the number of shares of Alphabet Class A and/or Class C shares that the objecting Person (1) owned as of the opening of trading on April 23, 2018, and (2) purchased, acquired and/or sold during the Settlement Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, objecting shareholders must indicate whether the objector or their counsel have filed objections to any other class action settlements in the past two years. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

| **17.** | **What is the difference between objecting and excluding?** |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Persons. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at _:___ _.m., on _____, 2024, in the Courtroom of the Honorable Trina L. Thompson, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much Lead Counsel will be paid and how much Lead Plaintiff will be awarded pursuant to 15 U.S.C. §78u-4(a)(4). After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement Website, www.AlphabetSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

**19.    Do I have to come to the hearing?**

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**20.    May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Alphabet Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any awards to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be filed with the Court **no later than _____, 2024**.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

**21.    What happens if I do nothing?**

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Persons about the Released Claims in this case.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                                    - 11 -
4861-1930-8698.v3

**GETTING MORE INFORMATION**

| **22.** | **How do I get more information?** |
| --- | --- |

This Notice contains only a summary of the terms of the proposed Settlement.  For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at ___-___-____.  Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Action, which are posted on the Settlement Website at www.AlphabetSecuritiesSettlement.com.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.AlphabetSecuritiesSettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 1:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Proof of Claim should be directed to:

*Alphabet Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
**-or-**

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
800/449-4900
settlementinfo@rgrdlaw.com

*Lead Counsel*

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
SETTLEMENT CLASS MEMBERS**

The Settlement Amount of $350 million U.S. Dollars together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all Taxes, Tax Expenses, Notice and Administration Expenses, Court-awarded attorneys' fees and expenses, any Litigation Expenses awarded by the Court, and any other fees or expenses approved by the Court (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claims to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Alphabet Class A and/or Class C stock during the Settlement Class Period.

**PROPOSED PLAN OF ALLOCATION**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint and Supplement.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                                    - 12 -
4861-1930-8698.v3

that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiff's consulting damages expert, based on assumptions provided by Lead Counsel, calculated the estimated amount of artificial inflation in the per-share closing price of Alphabet's Class A and Class C stock which allegedly was proximately caused by Defendants' alleged omissions and scheme.

In calculating the estimated artificial inflation allegedly caused by Defendants' alleged omissions and scheme, Lead Plaintiff's consulting damages expert considered price changes in Alphabet Class A and Class C stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged omissions and scheme, adjusting for assumptions related to the case provided by Lead Counsel.

In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Alphabet Class A and Class C stock. Lead Plaintiff alleges that Defendants made material omissions and engaged in a scheme, which had the effect of artificially inflating the price of Alphabet Class A and Class C stock between April 23, 2018 and April 30, 2019, inclusive.  Lead Plaintiff alleges revelatory information was released to the market on October 8, 2018 and April 29, 2019, which removed artificial inflation from the price of Alphabet Class A and Class C stock.

Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Alphabet Class A and Class C stock at the time of purchase and at the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased Alphabet Class A or Class C stock prior to the first corrective disclosure, which occurred on October 8, 2018, must have held his, her or its shares of Alphabet Class A or Class C stock until at least 12:00 a.m. EDT on October 8, 2018.  A Settlement Class Member who or which purchased Alphabet Class A or Class C stock from October 9, 2018 through and including the end of the day on April 29, 2019, must have held those shares through 12:00 a.m. on April 30, 2019.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Alphabet Class A and Class C stock during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

For each share of Alphabet Class A or Class C stock purchased or otherwise acquired from April 23, 2018 through and including the close of trading on April 30, 2019, the Recognized Loss Amount will be determined as follows:[2]

(a)     For each share of such Class A stock that is:

(i)     Sold before October 8, 2018, the Recognized Loss Amount will be $0.00;

---

[2]     Dollar amounts in this document are not adjusted for Alphabet's 20-for-1 split, which was announced on July 15, 2022 (with record date July 1, 2022).

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                              - 13 -

(ii)      Sold from October 8, 2018, through and including April 29, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 1 below), and (ii) the purchase price *minus* the sale price;

(iii)     Sold from April 30, 2019 through and including the close of trading on July 26, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 1 below), and (ii) the purchase price *minus* the sale price; and

(iv)     Held as of the close of trading on July 26, 2019, the Recognized Loss Amount will be *the least of*: (i) the inflation per share during the holding period (as presented in Table 1 below), (ii) the purchase price *minus* $1,128.33 ($1,128.33 was the average closing price for shares of Alphabet Class A common stock between April 30, 2019 and July 28, 2019 as shown in Table 3 below), or (iii) the purchase price *minus* the sale price.[3]

(b)      For each share of such Class C stock that is:

(i)      Sold before October 8, 2018, the Recognized Loss Amount will be $0.00;

(ii)      Sold from October 8, 2018, through and including April 29, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 2 below), and (ii) the purchase price *minus* the sale price;

(iii)     Sold from April 30, 2019 through and including the close of trading on July 26, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 2 below), and (ii) the purchase price *minus* the sale price; and

(iv)     Held as of the close of trading on July 26, 2019, the Recognized Loss Amount will be *the least of*: (i) the inflation per share during the holding period (as presented in Table 2 below), (ii) the purchase price *minus* $1,125.68 ($1,125.68 was the average closing price for shares of Alphabet Class C common stock between April 30, 2019 and July 28, 2019 as shown in Table 4 below), or (iii) the purchase price *minus* the sale price.[4]

---

[3]      Pursuant to Section 21(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Alphabet Class A and Class C stock during the "90-day look-back period," April 30, 2019 through and including July 28, 2019. The mean (average) closing price for Alphabet Class A stock during this period was $1,128.33 per share.

[4]      The mean (average) closing price for Alphabet Class C stock during this period was $1,125.68 per share.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                                    - 14 -
4861-1930-8698.v3

**TABLE 1**

**Inflation Per Share by Date of Purchase and Date of Sale: Alphabet Class A Stock**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 4/23/2018-10/7/2018 | 10/8/2018-4/29/2019 | 4/30/2019-7/26/2019 | Retained beyond 7/26/2019 |
| 4/23/2018-10/8/2018 | 0 | $4.67 | $5.84 | $5.84 |
| 10/9/2018-4/29/2019 | 0 | 0 | $1.17 | $1.17 |

**TABLE 2**

**Inflation Per Share by Date of Purchase and Date of Sale: Alphabet Class C Stock**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 4/23/2018-10/7/2018 | 10/8/2018-4/29/2019 | 4/30/2019-7/26/2019 | Retained beyond 7/26/2019 |
| 4/23/2018-10/8/2018 | 0 | $3.85 | $4.81 | $4.81 |
| 10/9/2018-4/29/2019 | 0 | 0 | $0.96 | $0.96 |

**TABLE 3**

**Closing Price and Average Closing Price: Alphabet Class A Stock (GOOGL)**

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 4/30/2019 | $1,198.96 | $1,198.96 | 6/13/2019 | $1,091.01 | $1,131.46 |
| 5/1/2019 | $1,173.32 | $1,186.14 | 6/14/2019 | $1,086.30 | $1,130.09 |
| 5/2/2019 | $1,166.51 | $1,179.60 | 6/17/2019 | $1,093.89 | $1,129.03 |
| 5/3/2019 | $1,189.55 | $1,182.09 | 6/18/2019 | $1,105.24 | $1,128.35 |
| 5/6/2019 | $1,193.46 | $1,184.36 | 6/19/2019 | $1,104.51 | $1,127.69 |
| 5/7/2019 | $1,178.86 | $1,183.44 | 6/20/2019 | $1,113.20 | $1,127.30 |
| 5/8/2019 | $1,170.78 | $1,181.63 | 6/21/2019 | $1,125.37 | $1,127.24 |
| 5/9/2019 | $1,167.97 | $1,179.93 | 6/24/2019 | $1,116.70 | $1,126.97 |
| 5/10/2019 | $1,167.64 | $1,178.56 | 6/25/2019 | $1,087.58 | $1,125.99 |
| 5/13/2019 | $1,136.59 | $1,174.36 | 6/26/2019 | $1,080.32 | $1,124.88 |
| 5/14/2019 | $1,124.86 | $1,169.86 | 6/27/2019 | $1,076.63 | $1,123.73 |
| 5/15/2019 | $1,170.80 | $1,169.94 | 6/28/2019 | $1,082.80 | $1,122.78 |
| 5/16/2019 | $1,184.50 | $1,171.06 | 7/1/2019 | $1,100.00 | $1,122.26 |

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 5/17/2019 | $1,168.78 | $1,170.90 | 7/2/2019 | $1,112.60 | $1,122.04 |
| 5/20/2019 | $1,144.66 | $1,169.15 | 7/3/2019 | $1,122.99 | $1,122.06 |
| 5/21/2019 | $1,154.44 | $1,168.23 | 7/5/2019 | $1,132.67 | $1,122.29 |
| 5/22/2019 | $1,155.85 | $1,167.50 | 7/8/2019 | $1,116.79 | $1,122.17 |
| 5/23/2019 | $1,145.34 | $1,166.27 | 7/9/2019 | $1,124.29 | $1,122.22 |
| 5/24/2019 | $1,138.61 | $1,164.81 | 7/10/2019 | $1,140.91 | $1,122.59 |
| 5/28/2019 | $1,139.56 | $1,163.55 | 7/11/2019 | $1,144.08 | $1,123.01 |
| 5/29/2019 | $1,119.94 | $1,161.48 | 7/12/2019 | $1,145.34 | $1,123.44 |
| 5/30/2019 | $1,121.41 | $1,159.65 | 7/15/2019 | $1,150.51 | $1,123.95 |
| 5/31/2019 | $1,106.50 | $1,157.34 | 7/16/2019 | $1,153.46 | $1,124.50 |
| 6/3/2019 | $1,038.74 | $1,152.40 | 7/17/2019 | $1,146.74 | $1,124.90 |
| 6/4/2019 | $1,054.49 | $1,148.48 | 7/18/2019 | $1,147.24 | $1,125.30 |
| 6/5/2019 | $1,044.64 | $1,144.49 | 7/19/2019 | $1,131.55 | $1,125.41 |
| 6/6/2019 | $1,047.76 | $1,140.91 | 7/22/2019 | $1,139.21 | $1,125.65 |
| 6/7/2019 | $1,068.37 | $1,138.32 | 7/23/2019 | $1,148.05 | $1,126.03 |
| 6/10/2019 | $1,082.76 | $1,136.40 | 7/24/2019 | $1,139.73 | $1,126.26 |
| 6/11/2019 | $1,081.04 | $1,134.56 | 7/25/2019 | $1,135.94 | $1,126.42 |
| 6/12/2019 | $1,079.10 | $1,132.77 | 7/26/2019 | $1,245.22 | $1,128.33 |

**TABLE 4**

**Closing Price and Average Closing Price: Alphabet Class C Stock (GOOG)**

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 4/30/2019 | $1,188.48 | $1,188.48 | 6/13/2019 | $1,088.77 | $1,127.25 |
| 5/1/2019 | $1,168.08 | $1,178.28 | 6/14/2019 | $1,085.35 | $1,125.98 |
| 5/2/2019 | $1,162.61 | $1,173.06 | 6/17/2019 | $1,092.50 | $1,125.00 |
| 5/3/2019 | $1,185.40 | $1,176.14 | 6/18/2019 | $1,103.60 | $1,124.39 |
| 5/6/2019 | $1,189.39 | $1,178.79 | 6/19/2019 | $1,102.33 | $1,123.77 |
| 5/7/2019 | $1,174.10 | $1,178.01 | 6/20/2019 | $1,111.42 | $1,123.44 |
| 5/8/2019 | $1,166.27 | $1,176.33 | 6/21/2019 | $1,121.88 | $1,123.40 |
| 5/9/2019 | $1,162.38 | $1,174.59 | 6/24/2019 | $1,115.52 | $1,123.20 |
| 5/10/2019 | $1,164.27 | $1,173.44 | 6/25/2019 | $1,086.35 | $1,122.28 |
| 5/13/2019 | $1,132.03 | $1,169.30 | 6/26/2019 | $1,079.80 | $1,121.24 |
| 5/14/2019 | $1,120.44 | $1,164.86 | 6/27/2019 | $1,076.01 | $1,120.16 |

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 5/15/2019 | $1,164.21 | $1,164.81 | 6/28/2019 | $1,080.91 | $1,119.25 |
| 5/16/2019 | $1,178.98 | $1,165.90 | 7/1/2019 | $1,097.95 | $1,118.77 |
| 5/17/2019 | $1,162.30 | $1,165.64 | 7/2/2019 | $1,111.25 | $1,118.60 |
| 5/20/2019 | $1,138.85 | $1,163.85 | 7/3/2019 | $1,121.58 | $1,118.66 |
| 5/21/2019 | $1,149.63 | $1,162.96 | 7/5/2019 | $1,131.59 | $1,118.94 |
| 5/22/2019 | $1,151.42 | $1,162.28 | 7/8/2019 | $1,116.35 | $1,118.88 |
| 5/23/2019 | $1,140.77 | $1,161.09 | 7/9/2019 | $1,124.83 | $1,119.01 |
| 5/24/2019 | $1,133.47 | $1,159.64 | 7/10/2019 | $1,140.48 | $1,119.44 |
| 5/28/2019 | $1,134.15 | $1,158.36 | 7/11/2019 | $1,144.21 | $1,119.92 |
| 5/29/2019 | $1,116.46 | $1,156.37 | 7/12/2019 | $1,144.90 | $1,120.40 |
| 5/30/2019 | $1,117.95 | $1,154.62 | 7/15/2019 | $1,150.34 | $1,120.97 |
| 5/31/2019 | $1,103.63 | $1,152.40 | 7/16/2019 | $1,153.58 | $1,121.57 |
| 6/3/2019 | $1,036.23 | $1,147.56 | 7/17/2019 | $1,146.35 | $1,122.02 |
| 6/4/2019 | $1,053.05 | $1,143.78 | 7/18/2019 | $1,146.33 | $1,122.45 |
| 6/5/2019 | $1,042.22 | $1,139.88 | 7/19/2019 | $1,130.10 | $1,122.59 |
| 6/6/2019 | $1,044.34 | $1,136.34 | 7/22/2019 | $1,138.07 | $1,122.86 |
| 6/7/2019 | $1,066.04 | $1,133.83 | 7/23/2019 | $1,146.21 | $1,123.25 |
| 6/10/2019 | $1,080.38 | $1,131.98 | 7/24/2019 | $1,137.81 | $1,123.49 |
| 6/11/2019 | $1,078.72 | $1,130.21 | 7/25/2019 | $1,132.12 | $1,123.64 |
| 6/12/2019 | $1,077.03 | $1,128.49 | 7/26/2019 | $1,250.41 | $1,125.68 |

## ADDITIONAL PROVISIONS

**Calculation of Claimant's "Recognized Claim"**: A Claimant's "Recognized Claim" will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to Alphabet Class A and Class C stock.

**FIFO Matching**: If a Settlement Class Member made more than one purchase or sale of Alphabet Class A and Class C stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

**"Purchase/Sale" Dates**: Purchases and sales of Alphabet Class A and Class C stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Alphabet Class A and Class C stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented. However, the receipt or grant by gift, inheritance, or operation of law of Alphabet Class A and Class C stock during the Settlement Class Period shall not be deemed a purchase or sale of Alphabet Class A and Class C stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Alphabet Class A and Class C stock unless (i) the donor or decedent purchased the shares during the

Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

**Short Sales**: The date of covering a "short sale" is deemed to be the date of purchase of the Alphabet Class A and Class C stock. The date of a "short sale" is deemed to be the date of sale of the Alphabet Class A and Class C stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero. In the event that a Claimant has an opening short position in Alphabet Class A and Class C stock, the earliest purchases of Alphabet Class A and Class C stock during the Settlement Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

**Class A and Class C Stock Purchased/Sold Through the Exercise of Options**: Option contracts are not securities eligible to participate in the Settlement. With respect to Alphabet Class A and Class C stock purchased or sold through the exercise of an option, the purchase/sale date of the Class A and Class C stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

**Market Gains and Losses**: The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Alphabet Class A and Class C stock during the Settlement Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Alphabet Class A and Class C stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement and the Agreement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Alphabet Class A and Class C stock during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Alphabet Class A and Class C stock purchased between April 23, 2018 and April 30, 2019, inclusive.

[6] The Claims Administrator shall match any sales of Alphabet Class A and Class C stock between April 23, 2018 and April 30, 2019, inclusive first against the Claimant's opening position in Alphabet Class A and Class C stock, as appropriate by Class (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Alphabet Class A and Class C stock sold between April 23, 2018 and April 30, 2019, inclusive is the "Total Sales Proceeds" for that class.

[7] The Claims Administrator shall ascribe a "Holding Value" of $1,128.33 to each share of Alphabet Class A stock purchased between April 23, 2018 and April 30, 2019, inclusive that was still held as of the close of trading on July 26, 2019. The Claims Administrator shall ascribe a "Holding Value" of $1,125.68 to each share of Alphabet Class C stock purchased between April 23, 2018 and April 30, 2019, inclusive that was still held as of the close of trading on July 26, 2019.

**Determination of Distribution Amount**:  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with its Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's consulting experts, Defendants, Defendants' Counsel, or any of the other Settlement Class Members or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

The Plan of Allocation stated herein is the Plan that is being proposed to the Court for its approval by Lead Plaintiff, after consultation with its consulting damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.AlphabetSecuritiesSettlement.com.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to the Investor Protection Trust.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, Defendants' Counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any Judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Alphabet Class A and/or Class C stock during the Settlement Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE SUMMARY NOTICE, you either (a) provide to the Claims Administrator the name and last known email or physical address of each person or organization for whom or which you purchased or acquired such Alphabet Class A and/or Class C stock during such time period, or (b) request additional copies of the Summary Notice which will be provided to you free of charge, and within seven (7) calendar days send via email or regular mail where an email address is not available, mail the Summary Notice a directly to the beneficial owners of the Alphabet Class A and/or Class C stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the email was sent or the mailing was made as directed and retain the names, email addresses or physical addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses and email addresses to the Claim Administrator per record; up to a maximum of $0.03 per Summary Notice emailed or mailed by you, plus postage at the rate used by the Claims Administrator. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Alphabet Securities Settlement*
Claims Administrator
c/o _____
P.O. _____
_____, ___ _____

1   DATED: _____

2                          BY ORDER OF THE COURT
                           UNITED STATES DISTRICT COURT
3                          NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                    - 21 -
4861-1930-8698.v3

# EXHIBIT A-2

1    ROBBINS GELLER RUDMAN
        & DOWD LLP
2    JASON A. FORGE (181542)
     LAURA ANDRACCHIO (187773)
3    MICHAEL ALBERT (301120)
     J. MARCO JANOSKI GRAY (306547)
4    TING H. LIU (307747)
     KENNETH P. DOLITSKY (345400)
5    SARAH A. FALLON (345821)
     655 West Broadway, Suite 1900
6    San Diego, CA  92101
     Telephone:  619/231-1058
7    619/231-7423 (fax)
     jforge@rgrdlaw.com
8    landracchio@rgrdlaw.com
     malbert@rgrdlaw.com
9    mjanoski@rgrdlaw.com
     tliu@rgrdlaw.com
10   kdolitsky@rgrdlaw.com
     sfallon@rgrdlaw.com
11
     Lead Counsel for Plaintiff
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
                       SAN FRANCISCO DIVISION
15

16   In re ALPHABET, INC. SECURITIES      )   Master File No. 3:18-cv-06245-TLT
     LITIGATION                           )
17   ─────────────────────────────────    )   CLASS ACTION
                                          )
18   This Document Relates To:            )   PROOF OF CLAIM AND RELEASE
                                          )
19        ALL ACTIONS.                    )   EXHIBIT A-2
     ─────────────────────────────────    )

20

21

22

23

24

25

26

27

28

4853-7970-9595.v3

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the action *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Proof of Claim" or "Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action (the "Settlement").[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2024, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Alphabet Securities Settlement*
Claims Administrator
c/o  Gilardi & Co. LLC
P.O. Box ____
_____, ____ ____-____
Online Submissions: www.AlphabetSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Claim Form.

---

[1]      This Claim Form incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.AlphabetSecuritiesSettlement.com.

EX A-2 – PROOF OF CLAIM AND RELEASE
3:18-cv-06245-TLT                                                                        - 1 -
4853-7970-9595.v3

4.      If you are a member of the Settlement Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that is available at www.AlphabetSecuritiesSettlement.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice (as well as the Stipulation) also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.

## II.      CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you purchased or otherwise acquired Alphabet, Inc. ("Alphabet") Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are Defendants and their families, the officers, directors and affiliates of Defendants, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Person who would otherwise be a member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this Claim Form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Alphabet Class A or Class C stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ALPHABET CLASS A OR CLASS C STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form.  Executors, administrators, guardians, conservators and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated.  The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Proof of Claim should be submitted for each separate legal entity.  Separate Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies.  If you wish to file your Proof of Claim electronically, you must contact the Claims Administrator at _____ to obtain the mandatory file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  Only one Proof of Claim should be submitted for each legal entity (*see* above) and the **complete** name of the beneficial owner(s) of the securities must be entered where called for.  No electronic files will be considered to have been properly submitted unless the Claims

1  Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of

2  electronically submitted data.  Do not assume that your file has been received until you receive this

3  notification.  If you do not receive such an email within 10 days of your submission you should

4  contact the electronic filing department at _____ to inquire about your file and

5  confirm it was received.

6  **III.    PROOF OF CLAIM**

7        Use Part II of this Proof of Claim "Schedule of Transactions in Alphabet Class A and/or

8  Class C stock," to supply all required details of your transaction(s) in Alphabet Class A and/or Class

9  C stock.  If you need more space or additional schedules, attach separate sheets giving all of the

10  required information in substantially the same form.  Sign and print or type your name on each

11  additional sheet.

12        On the schedules, provide all of the requested information with respect to *all* of your

13  holdings, purchases or acquisitions and *all* of your sales of Alphabet Class A and/or Class C stock,

14  whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may

15  result in the rejection of your claim.

16        List these transactions separately and in chronological order, by trade date, beginning with

17  the earliest.  You must accurately provide the month, day and year of each transaction you list.

18        For short-sale transactions, the date of covering a "short sale" is deemed to be the date of

19  purchase of Alphabet stock, and the date of a "short sale" is deemed to be the date of sale of

20  Alphabet stock.

21        For each transaction, you must provide, together with this Proof of Claim, copies of

22  stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing

23  your transactions in Alphabet Class A and/or Class C stock.  If any such documents are not in your

24  possession, please obtain a copy or equivalent documents from your broker because these documents

25  are necessary to prove and process your claim.  Failure to provide this documentation could delay

26  verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE**

27  **INFORMATION ABOUT YOUR TRANSACTIONS IN ALPHABET STOCK**.

28

1       PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall

2  receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any

3  Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no

4  distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Alphabet, Inc. Securities Litigation*

Master File No. 3:18-cv-06245-TLT

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2024

Please Type or Print

     **REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ALPHABET CLASS A AND/OR CLASS C STOCK.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I: CLAIMANT IDENTIFICATION**

Last Name
M.I.   First Name

Last Name (Co-Beneficial Owner)
M.I.   First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF
SOCIAL SECURITY NUMBER   or   Taxpayer Identification Number

Telephone Number (Primary Daytime)   Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City   State   Zip Code

Foreign Province   Foreign Postal Code   Foreign Country Name/Abbreviation

PART II:   SCHEDULE OF TRANSACTIONS IN ALPHABET CLASS A AND/OR CLASS C STOCK

    A.   Number of shares of Alphabet Class A stock held at the close of trading on April 22, 2018: _____

Proof Enclosed?
○ Y
○ N

    B.   Number of shares of Alphabet Class C stock held at the close of trading on April 22, 2018:

Proof Enclosed?
○ Y
○ N

C.  Purchases or acquisitions of Alphabet Class A and/or Class C stock between April 23, 2018 and July 26, 2019, inclusive:[2]

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Class A or Class C | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. | 1. | | 1. |
| 2. | 2. | | 2. |
| 3. | 3. | | 3. |

D.  Sales of Alphabet Class A and/or Class C stock between April 23, 2018 and July 26, 2019, inclusive:

SALES

| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Class A or Class C | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | | | $ . 0 0 | ○ Y ○ N |
| 2. | | | $ . 0 0 | ○ Y ○ N |
| 3. | | | $ . 0 0 | ○ Y ○ N |
| 4. | | | $ . 0 0 | ○ Y ○ N |

E.  Number of shares of Alphabet Class A stock held at the close of trading on April 30, 2019:

Proof Enclosed?
○ Y
○ N

F.  Number of shares of Alphabet Class C stock held at the close of trading on April 30, 2019:

Proof Enclosed?
○ Y
○ N

G.  Number of shares of Alphabet Class A stock held at the close of trading on July 26, 2019:

Proof Enclosed?
○ Y
○ N

H.  Number of shares of Alphabet Class C stock held at the close of trading on July 26, 2019:

Proof Enclosed?
○ Y
○ N

---

[2]  Information requested about your purchases or acquisitions on May 1, 2019 through and including the close of trading on July 26, 2019 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Settlement Class Period.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Action, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Alphabet Class A and/or Class C stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

**V.    RELEASES**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the "Released Claims" (as defined below") each and all of the "Released Defendant Parties" (as defined below).

2.    "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law, or any other law, rule or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Alphabet Class A and/or Class C common stock during the period from April 23, 2018 through April 30, 2019, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or

omissions that were or could have been alleged by Lead Plaintiff and other members of the Settlement Class in the Action. The definition of Released Claims includes, but is not limited to, claims arising out of Alphabet's results in the fourth quarter of 2018 or the first quarter of 2019. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

3. "Released Defendant Parties" means each and all of the Defendants, and each and all of their Related Persons.

4. "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the "Released Plaintiff Parties" (as defined below), including Lead Counsel and Settlement Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

5. "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

6. "Released Plaintiff Parties" means the Lead Plaintiff, each and every Settlement Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

EX A-2 – PROOF OF CLAIM AND RELEASE
3:18-cv-06245-TLT                                                                                                  - 9 -
4853-7970-9595.v3

7.      "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude itself, herself or himself from the Settlement Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any

and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

8.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

9.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

10.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Alphabet Class A and/or Class C stock during the Settlement Class Period and the number of Alphabet Class A and/or Class C shares held by me (us) at the close of trading on April 22, 2018, April 30, 2020, and July 26, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

1

2   Executed this _____ day of _____ in _____
                                                    (Month/Year)                                      (City/State/Country)

3   _____          _____
    (Sign your name here)                             (Sign your name here)

4

5   _____          _____
    (Type or print your name here)                    (Type or print your name here)

6   _____          _____
    (Capacity of person(s) signing, e.g.,             (Capacity of person(s) signing, e.g.,
7   Beneficial Purchaser, Executor or Administrator)   Beneficial Purchaser, Executor or Administrator)

8                    **ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
                                  **THANK YOU FOR YOUR PATIENCE.**

    Reminder Checklist:

9   1. Please sign the above release and declaration.        6. If you desire an acknowledgment of receipt of your claim form
                                                                please send it Certified Mail, Return Receipt Requested.
    2. If this Claim is being made on behalf of Joint Claimants,
10     then both must sign.                                  7. If you move, please send your new address to the address
                                                                below.
    3. Remember to attach copies of supporting documentation,
11     if available.                                         8. **Do not use red pen or highlighter** on the Proof of Claim
                                                                and Release form or supporting documentation.
    4. **Do not send originals of certificates.**
12
    5. Keep a copy of your claim form and all supporting
       documentation for your records.

13

14  **THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER**

15  **THAN ____ __, 2024, ADDRESSED AS FOLLOWS:**

16                              *Alphabet Securities Settlement*
                                    Claims Administrator
17                                c/o _____
                                    P.O. Box _____
18                              Los Angeles, CA _____-_____
                                www.AlphabetSecuritiesSettlement.com
19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-3

ROBBINS GELLER RUDMAN
    & DOWD LLP
JASON A. FORGE (181542)
LAURA ANDRACCHIO (187773)
MICHAEL ALBERT (301120)
J. MARCO JANOSKI GRAY (306547)
TING H. LIU (307747)
KENNETH P. DOLITSKY (345400)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
landracchio@rgrdlaw.com
malbert@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
kdolitsky@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION | ) Master File No. 3:18-cv-06245-TLT ) ) CLASS ACTION |
| This Document Relates To: | ) ) SUMMARY NOTICE OF PROPOSED ) SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | ) ) EXHIBIT A-3 |

**TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED ALPHABET, INC. ("ALPHABET") CLASS A AND/OR CLASS C STOCK DURING THE PERIOD FROM APRIL 23, 2018, THROUGH APRIL 30, 2019, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2024, at ___:___ _.m., before the Honorable Trina L. Thompson at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $350,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Action with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiff for its time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class, and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

IF YOU PURCHASED OR ACQUIRED ALPHABET CLASS A AND/OR CLASS C STOCK FROM APRIL 23, 2018, THROUGH APRIL 30, 2019, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim by mail **(postmarked no later than _____, 2024)** or electronically **(no later than _____, 2024)**.  Your failure to submit your Proof of Claim by _____, 2024, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Action.  If you purchased or acquired Alphabet Class A and/or Class C stock from April 23, 2018 through April 30, 2019, inclusive, and do not

---

[1]     The Stipulation can be viewed and/or obtained at www.AlphabetSecuritiesSettlement.com.

1  request exclusion from the Settlement Class, you will be bound by the Settlement and any judgment

2  and release entered in the Action, including, but not limited to, the Judgment, whether or not you

3  submit a Proof of Claim.

4       You may review the Notice, which more completely describes the Settlement and your rights

5  thereunder (including your right to object to the Settlement), access the Proof of Claim, and find the

6  Stipulation (which, among other things, contains definitions for the defined terms used in this

7  Summary       Notice)       and       other       Settlement       documents,       online       at

8  www.AlphabetSecuritiesSettlement.com, or by writing to:

9                          *Alphabet Securities Settlement*
                            c/o Gilardi & Co. LLC
10                          P.O. Box _____
                   _____, ____ _____-____
11

12       Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

13       Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead
    Counsel:
14
                       ROBBINS GELLER RUDMAN & DOWD LLP
15                          Ellen Gusikoff Stewart
                          655 West Broadway, Suite 1900
16                          San Diego, CA 92101
                          Telephone: 800/449-4900
17                          settlementinfo@rgrdlaw.com

18       IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST

19  SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____,**

20  **2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL SETTLEMENT

21  CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT

22  SUBMIT A TIMELY PROOF OF CLAIM.

23       IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO

24  OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD

25  COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 19% OF THE

26  SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,750,000 AND AN AWARD

27  TO  LEAD  PLAINTIFF  NOT  TO  EXCEED  $10,000  IN  CONNECTION  WITH  ITS

28  REPRESENTATION OF THE SETTLEMENT CLASS.  ANY OBJECTIONS MUST BE FILED

1   WITH THE COURT **BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN

2   THE NOTICE.

3   DATED: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
4                                       NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT B

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  JASON A. FORGE (181542)
   LAURA ANDRACCHIO (187773)
3  MICHAEL ALBERT (301120)
   J. MARCO JANOSKI GRAY (306547)
4  TING H. LIU (307747)
   KENNETH P. DOLITSKY (345400)
5  SARAH A. FALLON (345821)
   655 West Broadway, Suite 1900
6  San Diego, CA  92101
   Telephone:  619/231-1058
7  619/231-7423 (fax)
   jforge@rgrdlaw.com
8  landracchio@rgrdlaw.com
   malbert@rgrdlaw.com
9  mjanoski@rgrdlaw.com
   tliu@rgrdlaw.com
10 kdolitsky@rgrdlaw.com
   sfallon@rgrdlaw.com
11
   Lead Counsel for Plaintiff
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                       SAN FRANCISCO DIVISION
15

16 In re ALPHABET, INC. SECURITIES       )   Master File No. 3:18-cv-06245-TLT
   LITIGATION                            )
17 _____   )   CLASS ACTION
                                         )
18 This Document Relates To:             )   [PROPOSED] FINAL JUDGMENT AND
                                         )   ORDER OF DISMISSAL WITH PREJUDICE
19      ALL ACTIONS.                     )
   _____   )   EXHIBIT B

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    _____, on the application of the Settling Parties for approval of the Settlement set forth in

3    the Stipulation of Settlement dated February 5, 2024 (the "Stipulation").  Due and adequate notice

4    having been given to the Settlement Class as required in the Order, the Court having considered all

5    papers filed and proceedings held herein and otherwise being fully informed in the premises and

6    good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

8    terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise

9    stated herein.

10       2.    This Court has jurisdiction over the subject matter of the Action and over all parties to

11   the Action, including all Settlement Class Members.

12

13       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms

14   its determinations in the Preliminary Approval Order, which certified, for purposes of effectuating

15   the Settlement, a Settlement Class defined as all Persons that purchased or otherwise acquired

16   Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30,

17   2019, inclusive.  Excluded from the Settlement Class are Defendants and their families, the officers,

18   directors, and affiliates of Defendants, at all relevant times, members of their immediate families and

19   their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or

20   had a controlling interest.  Also excluded from the Settlement Class is any Person who timely and

21   validly sought exclusion from the Settlement Class, as identified in Exhibit A hereto.

22

23       4.    With respect to the Settlement Class, this Court finds for the purposes of effectuating

24   the Settlement that: (a) the Settlement Class Members are so numerous that joinder of all Settlement

25   Class Members in the Action is impracticable; (b) there are questions of law and fact common to the

26   Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement

27   Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the

28

interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies State of Rhode Island, Office of the Rhode Island Treasurer on behalf of the Employees' Retirement System of Rhode Island as the representative of the Settlement Class.  Lead Counsel is also certified as counsel to the class representative and the Settlement Class in the Action.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      in light of the benefits to the Settlement Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b)      there was no collusion in connection with the Stipulation;

(c)      Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class;

(d)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)      the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
3:18-cv-06245-TLT                                                                              - 2 -
4871-1792-3739.v2

method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)     the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; and

(g)     the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiff, and the other Settlement Class Members and as against each and all of the Released Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

8.     No Person shall have any claim against the Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

9.     Upon the Effective Date, Lead Plaintiff, and each of the Settlement Class Members, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not the Lead Plaintiff, or such Settlement Class Member

executes and delivers the Proof of Claim and whether or not the Lead Plaintiff, or each of the Settlement Class Members, ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

10.   Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

11.   Upon the Effective Date, the Lead Plaintiff, all Settlement Class Members, and any Person claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

12.   The distribution of the Summary Notice, Notice, and Proof of Claim, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action

Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all of the Settlement Class Members are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

13.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

14.     Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     The Court finds that Defendants have satisfied their financial obligation under the Stipulation by paying or causing to be paid $350,000,000.00 to the Settlement Fund, in accordance with ¶2.1 of the Stipulation.

16.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

17.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19.     The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

22.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

1          IT IS SO ORDERED.

2    DATED: _____    _____
                                                    THE HONORABLE TRINA L. THOMPSON
3                                                   UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28