UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADAM WICKS, et al.,

          Plaintiffs,

    v.

ALPHABET, INC., et al.,

          Defendants.

Case No. 18-cv-06245-TLT

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, REQUEST FOR ADDITIONAL INFORMATION, OBJECTION, EXCLUSION, QUESTIONS FOR THE FINAL HEARING, AND FINAL FAIRNESS HEARING**

Re: Dkt. No. 222, 165

Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer, on behalf of the Employees' Retirement System of Rhode Island (the "Retirement System" or "Lead Plaintiff"), individually and on behalf of all others similarly situated ("Plaintiffs"), bring this securities class action lawsuit against Alphabet, Inc. ("Alphabet"), Google LLC ("Google"), Lawrence E. Page, Sundar Pichai, Keith Enright, and John Kent Walker, Jr. (collectively "Defendants").[1] *See* Consolidated Am. Class Action Compl. 1 ("first amended complaint" or "FAC"), ECF No. 62. Plaintiffs seek remedies under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 codified at 17 CFR 240. *Id.*

On February 5, 2024, Adam Wick, State of Rhode Island, and Consol Plaintiff ("Plaintiffs") filed a Notice of Unopposed Motion and Unopposed Motion for Preliminary Approval of Proposed Settlement along with a Memorandum of Points and Authorities. Docket 222. On February 16, 2024, Alphabet, Inc., Lawrence E. Page, Sundar Pichai, Ruth M. Porat,

---

[1] Plaintiffs with related cases consolidated into the instant matter include Adam Wicks, Khaled El Mawardy, Theodoros Vaskopulos, Richard R. Costa UDT, Ironworkers Locals 40,361 & 417 Union Security Funds, Victor Bao, Ian Green, Leo Shumacher, Steve Sims, and Joseph Lipovich. *See* ECF Nos. 1, 15, 18, 25, 42, 45, 65.

Google LLC, Keith P. Enright, John Kent Walker, Jr., et. al ("Defendants") filed a Statement of Non-Opposition.  Docket 226.

The motion of Plaintiff, unopposed by defendant, requests conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel, and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. The matter was set for hearing on March 5, 2024, and at the request of the parties, the matter was taken under submission.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the parties' motion for preliminary approval of class action settlement. **The Court adopts the proposed order submitted by the parties except as modified herein.**

I.      BACKGROUND

A.      Procedural History

Plaintiff Adam Wicks filed initiated this securities class action and filed a complaint against defendants Alphabet, Lawrence E. Page, Sundar Pichai, and Ruth Porat on October 11, 2018 ("Wicks Action").  Compl., ECF No. 1.  On October 12, 2018, the case was assigned to Judge Jeffrey S. White.  ECF No. 3.  On November 19, 2018, *El Mawardy v. Alphabet, Inc., et al.*, No. 18-cv-5704, ("El Mawardy Action") was transferred to this Court from the U.S. District Court for the Eastern District of New York.  ECF No. 15 at 2 n.1.

On December 10, 2018, plaintiffs the Retirement System, Adam Wick, Theodoros Vaskopulos, Richard R. Costa UDT ("Costa"), and Ironworkers Locals 40,361 & 417 Union Security Funds (the "Ironworkers") each separately moved for consolidation of the actions, appointment as lead plaintiff, and approval of lead Counsel.  ECF Nos. 15, 18, 25, 42.  Plaintiff Vaskopulos withdrew his motion on December 14, 2018.  ECF No. 33.  On December 18, 2018, Plaintiff Wicks filed a joint administrative motion for consideration of whether the El Mawardy Action was related to the Wicks Action.  ECF No 34.  The motion was granted on December 20,

2018.  ECF No. 36.  On December 24, 2018, plaintiff the Retirement System filed an opposition to the motions for consolidation of related actions, appointment as lead plaintiff, and approval as lead counsel against plaintiffs Ironworkers and Costa.  ECF No. 39.  On December 31, 2018, plaintiff the Retirement System filed a notice of unopposed motion.  ECF No. 40.

On January 7, 2019, Judge White granted plaintiff the Retirement System's motion for consolidation of related actions and captioned the action "*In re ALPHABET, INC. SECURITIES LITIGATION*."[2]  ECF No. 44.  The Court also appointed the Retirement system as Lead Plaintiff and appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel.  *Id.* at 2 (first *citing* 15 U.S.C. § 78u4(a)(3)(B); and then *citing* 15 U.S.C. §78u-4(a)(3)(B)(v)).  On January 25, 2019, plaintiff Bao filed an administrative motion to consider whether cases should be related.  ECF No. 45.  The motion was granted and the cases were related on February 6, 2019.[3]  ECF No. 46.

On April 26, 2019, Plaintiffs filed their consolidated amended class action complaint against defendants Alphabet, Page, Pichai, Google, Enright, and Walker.  ECF No 62.  On April 30, 2019, plaintiffs Ian Green, Leo Shumacher, Steve Stims and Joseph Lipovich, and Scott Galbiati filed a motion for administrative relief to consider whether their cases were related or for consideration of a *sua sponte* judicial referral for purpose of determining relationship.  ECF No. 65; Civ. L.R. 3-12.  On May 13, 2019, the cases were related to the Wicks Action.  ECF No. 66. On June 21, 2022, Plaintiffs moved to certify class, appoint a class representative, and appoint class counsel.  ECF No. 102.  On September 8, 2022, Plaintiffs filed a motion for leave to file a supplement to their consolidated amended complaint.  ECF No 136.  The motion for leave was granted and the motion to certify the class was stricken.  ECF No. 153.  Plaintiffs filed a supplement to their consolidated amended complaint on February 28, 2023.  ECF No. 154. Plaintiffs refiled their motion to certify class on May 2, 2023.  ECF No. 165.  Defendants filed an opposition to the motion on June 30, 2023.  ECF No. 181.

---

[2] Judge White consolidated *Wicks v. Alphabet, Inc.*, No. 18-cv-06245 (filed Oct. 11, 2018); and *El Mawardy v. Alphabet, Inc.*, No. 18-cv-07018 (transferred to this District on Nov. 1, 2018).  ECF No. 44.  The Wicks Action serves as the master filed for every action in the consolidated action. *Id.* at 1.

[3] The Court related, *Bao v.* Page, No. 19-cv-00314, and *Cordeiro v. Page*, No. 19-cv-00447 to the instant case.  ECF No. 46.

United States District Court
Northern District of California

On July 24, 2023, Judge White recused himself from this matter. ECF No. 188. The case was reassigned to the Court on July 25, 2023. ECF No. 189. The Court ordered Lead Plaintiff to re-notice the motion to certify the class on July 31, 2023. ECF No. 192. Lead Plaintiff filed a notice of conditional withdrawal of the motion for class certification without prejudice on July 31, 2023. ECF No. 193. On the same day, Defendants responded with a request to finish briefing the class certification motion. ECF No. 194. The Court held a case management conference and published a case management scheduling order on August 1, 2023. ECF No. 196. The Court set the hearing on the motion to certify class for October 24, 2023. *Id.* Lead Plaintiff filed a reply for the motion to certify class on August 14, 2023. ECF 198.[4]

On October 20, 2023, the Class Certification hearing set for October 24, 2023, was vacated at the request of counsel and reset for March 5, 2024.

On February 4, 2024, the parties reached a settlement prior to class certification with the assistance of an experienced mediator at arm's-length under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR ("Judge Phillips").

The Settlement Class is described as follows: **all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive.** Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

**B.      Terms of the Settlement Agreement**

Under the terms of the Settlement Agreement, defendant will pay $350,000,000.00 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representative's service award.

---

[4] On October 4, 2023, the Court granted a motion for leave for Joseph A. Grundfest to file a brief as amicus curae. ECF No. 216. However, the Court rescinded the order on October 5, 2023, as the filing was untimely and did not comply with Civil Local Rule 7-3(d). ECF No. 216. The Court did not consider the supplemental brief in consideration of the instant motion.

4

### 1. *Attorneys' Fees and Costs*

Under the Settlement Agreement, Plaintiff's counsel, Robbins Geller Rudman & Dowd LLP, agreed to seek an award of attorneys' fees not to exceed 19% of the Settlement Amount, $66,500,000.00, and no more than $1,750,000, in litigation costs. The common settlement fund also *includes a provision for settlement administration costs, the amount of which much be provided forthwith*; and up to $10,000.00[5] to be paid to plaintiff(s), Adam Wick and Consol Plaintiff Khaled El Mawardy, as an incentive award in exchange for a general release of all claims against defendant.

Plaintiff's counsel requests the Service Award, pursuant to the provisions of 15 U.S.C. §78u-4(a)(4), not to exceed $10,000.00.

### 2. *Class Relief*

After deductions from the common fund for fees, costs, and service incentive awards, approximately $281,450,00 will remain to be distributed among the participating class members. Class members will be paid according to the calculations described in ECF 22-4 under Calculation of Recognized Amounts.

### 3. *Cy Pres/Remainder*

The Settlement Agreement provides that when checks mailed to participating class members are not redeemed or deposited within 100 days after compliance.

After an additional 90 days, any funds from any unredeemed checks will be paid to the *cy pres* recipient, Investor Protection Trust.

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v.*

---

[5] It is not clear whether the parties are requesting a service award for Adam Wick, the State of Rhode Island as the named plaintiff, and/or Consol Plaintiff Khaled El Mawardy

*Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B.    Class Definition and Basis for Conditional Certification

On May 2, 2023, plaintiff moved to certify the class and whether to name Rhode Island as the class representative and Robbins Geller as Class Counsel.   A total of 36,896 shares of Alphabet Class A and Class C stock is the focus of the Class Period   It was emphasized that Additionally, an average of more than one million shares of Alphabet stock were exchanged daily during the Class Period.

The Settlement Agreement, attached hereto as **Exhibit 1**, defines the class as:  a class of Persons who purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive ("Settlement Class Period") ("the Settlement Class").

Specifically, all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive. Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a

United States District Court
Northern District of California

controlling interest. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

The Court finds that, for purposes of settlement, plaintiff(s) have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b).

With respect to numerosity under Rule 23(a)(1), the Court orders the parties to provide the Court with a **clear estimate** of the Settlement Class member including the number of Class A share members and the number of Class C share members.  The amount of shares exchange makes it so numerous that joinder of all members is impracticable.  However, there are thousands of class members.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common.  *Hanlon*, 150 F.3d at 1026.  The focus of this action of whether Alphabet's stock traded at an artificially inflated price is common to all class members.  Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Plaintiff and members of the Settlement Class were all making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class.  No conflicts of interest appear as between plaintiff and the members of the Settlement Class.  Class Counsel have demonstrated that they are experienced and without conflict and therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here.  Members of the class here will recover an average distribution per common share, under the Plan of Allocation, approximately $6.41 per Class A share and $5.90 per Class C share. *The parties are ordered to provide the court with estimates for the total distribution per Class A and Class C shared.*

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C. Settlement Agreement Appears Fair and Reasonable

The settlement agreement, a copy of which is attached hereto as Exhibit 1 ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. The case has been litigated through appeal and resolved. See ECF 222-4. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Even if plaintiff prevailed, the best-case recovery after trial was less than the amount offered in settlement and a claims process would be required even after trial, because class members could not otherwise be identified. The settlement occurred only after extensive litigation including, but not limited to: Motion to Consolidate Cases, Motion to Dismiss, Motion to Dismiss Consolidated Amended Complaint, Notice of Appeal and Briefing to the 9th Circuit Court of Appeals, Briefing Re Scope of Case on Remand and Staying Discovery, and Motion to Certify Class.

Counsel for both parties is highly experienced. The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3). To ***date none have been identified***;

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

The Court has concerns regarding *the selected Cy Pres and any potential conflicts with any of the named parties*, the specific *Administrator's costs[6], service awards/incentive awards* and will evaluate the Settlement Agreement fully at the hearing for final approval.

The parties have 5 days from receipt of this order to resolve any ambiguities and to present the Court with a final order for signature incorporating the dates and information contained herein.

Based on the foregoing, the Court conditionally certifies the class and provisionally appoints Robbins Geller Rudman and Dowd LLP as Class Counsel and plaintiff **ADAM WICKS** as class representative(s).

**III.    PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

**A.    Notice Plan**

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).  Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

United States District Court
Northern District of California

---

[6] Estimate should reflect:  Administrative Costs (including taxes, tax prep., etc.)

9

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff(s) have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves form of the Notice of Proposed Class Action Settlement attached as to this Order.  ECF 222-4.  The Court also approves the form of the Short-Form Notice attached hereto as Exhibit 1 and Opt-Out Form attached hereto as Exhibit 2]  Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.  The forms of plan of notice are therefore **APPROVED**.

### B.    Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices.

Class members will receive a Settlement Share unless they submit a valid and timely Opt-Out Form not later than August 23, 2024.

### C.    Settlement Administrator

**Gilardi & Co. LLC ("Gilardi")** is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than April 26, 2024 ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

United States District Court
Northern District of California

10

United States District Court
Northern District of California

**Defendant** is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than April 12, 2024.

### D.    Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than August 23, 2024.  Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion.  No later than September 6, 2024, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### E.    Objections

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards *by mailing to the Settlement Administrator* a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than August 23, 2024. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### F.    Attorneys' Fees and Class Representative Awards

Plaintiff(s) and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than July 19, 2024.  Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than August 23, 2024, as stated in paragraph 8 above.

Plaintiffs shall file a reply brief responding to any timely objection no later than September 6, 2024.

**G.      Fairness and Final Approval Hearing**

All briefs, memoranda, and papers in support of final approval of the settlement shall be filed no later than July 19, 2024.

The Court will conduct a Fairness and Final Approval Hearing on Tuesday, September 24, 2024, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than August 26, 2024.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**H.      Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing.  Counsel should prepare accordingly.

All motions in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins the Lead Plaintiff, and any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any and all of the Released

United States District Court
Northern District of California

Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

The court hereby vacates *all pending motion dates*.  If the settlement is not approved during the final hearing, the parties are ordered to re-notice all motions.

The parties have 5 days from this order to clarify any ambiguities and to submit a revised proposed order for signature incorporating the dates and revisions herein. See, attached Key Dates. The parties shall submit an updated order incorporating the orders contained herein to ECF  222-4 for signature and filing.

This order resolves ECF 222.

Upon final approval, this order also resolves ECF 165 as moot.

**IT IS SO ORDERED.**

Dated: April 1, 2024

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

13

United States District Court
Northern District of California

| Summary of Key Dates | |
| --- | --- |
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | April 12, 2024 |
| Class Notice to be sent by | April 26, 2024 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | July 19, 2024 |
| Objection Deadline | August 23, 2024 |
| Motion for Final Approval to be filed by | July 19, 2024 |
| Postmark deadline to submit objection or request for exclusion | August 23, 2024 |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | September 6, 2024 |
| Fairness and Final Approval Hearing | September 24, 2024, 2pm, in person<br><br>NOTE: Subject to change without further notice to the Class. |

14