ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (144892)
JASON A. FORGE (181542)
LAURA ANDRACCHIO (187773)
MICHAEL ALBERT (301120)
J. MARCO JANOSKI GRAY (306547)
TING H. LIU (307747)
KENNETH P. DOLITSKY (345400)
SARAH A. FALLON (345821)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jforge@rgrdlaw.com
landracchio@rgrdlaw.com
malbert@rgrdlaw.com
mjanoski@rgrdlaw.com
tliu@rgrdlaw.com
kdolitsky@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION | Master File No. 3:18-cv-06245-TLT |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | |

WHEREAS, a securities class action is pending before this Court entitled *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT (the "Action");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e)(1), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated February 5, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, the capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; (b) eliminates the risks to the Parties of continued litigation; (c) does not provide preferential treatment to Lead Plaintiff or to segments of the Settlement Class; (d) does not provide excessive compensation to Lead Counsel; and (e) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on September 24, 2024, at 2:00 p.m., at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)      to determine whether the Settlement is fair, reasonable, and adequate, and should finally be approved by the Court;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(b)　　to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Defendant Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to prosecute any Released Claims or Released Defendants' Claims extinguished by the Settlement;

(c)　　to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)　　to consider the application of Lead Counsel for an award of attorneys' fees and expenses (the "Fee and Expense Application");

(e)　　to consider Settlement Class Members' responses to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f)　　to rule upon such other matters as the Court may deem appropriate.

3.　　The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights under Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses pursuant to the Fee and Expense Application.

4.　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for the sole purpose of effectuating the Settlement, a Settlement Class defined as follows:

all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive. Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliates of Defendants, at all relevant times, members of their

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE - 3:18-cv-06245-TLT　　　　- 2 -

immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, State of Rhode Island, Office of the Rhode Island Treasurer on behalf of the Employees' Retirement System of Rhode Island is appointed as representative of the Settlement Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP is appointed as Class Counsel for the Settlement Class.

6.      With respect to the Settlement Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed

hereto as Exhibits 1, 2, and 3, respectively, and finds that dissemination of notice, substantially in the manner and form set forth in ¶¶10-11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.      No later than April 12, 2024, Alphabet shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel or the Claims Administrator, documentation or data in the possession of Alphabet or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Alphabet Class A and/or Class C stock during the Class Period, and their last known addresses, email addresses (if available), or other similar information.  The Parties shall determine an appropriate electronic format for provision of this information.

10.      No later than April 26, 2024 (the "Notice Date"), Lead Counsel, through the Claims Administrator, shall commence dissemination of the Summary Notice substantially in the form annexed hereto, by email or first-class mail (where email addresses are not available) to all Settlement Class Members who can be identified with reasonable effort.  Contemporaneously with the mailing of the Summary Notice, the Claims Administrator shall cause the Notice and Proof of Claim (the "Notice Packet") to be posted on the Settlement Website at www.AlphabetSecuritiesSettlement.com, from which copies of the documents can be downloaded. For all Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses or email addresses.

11.     No later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing and publishing.

13.     Nominees who purchased or acquired Alphabet Class A and/or Class C stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall: (a) within seven (7) calendar days of receipt of the Summary Notice request from the Claims Administrator sufficient copies of the Summary Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of the Summary Notice forward it to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Summary Notice, send a list of the names and email addresses or physical addresses where an email address is unavailable, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail the Summary Notice to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

14.     As provided in ¶2.3 of the Stipulation, Alphabet shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

15.     The Court finds that the form and content of the notice program described herein and the methods set forth herein, for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her,

its, or their current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Claims that do not meet the submission requirements may be rejected. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to review by the Court if the Claimant so desires and otherwise complies with the requirements of this subparagraph (c). Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)    For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

17.    Any Settlement Class Member who does not submit a valid and timely Proof of Claim within the time provided, or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from sharing in any distribution of the proceeds of the Net Settlement Fund; (c) shall in all other respects be subject to and bound by the provisions of the Stipulation and all proceedings, determinations, orders, and judgments in the Action relating thereto, including without limitation, the Judgment, and the Released Claims provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any

Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

18.     Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

19.     All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Settlement Class.  A Settlement Class Member wishing to be excluded from the Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail such that it is postmarked no later than August 23, 2024, to the address listed in the Notice and Settlement Website.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of Alphabet Class A and/or Class C shares that the Person requesting exclusion (i) owned as of the opening of trading on April 23, 2018, and (ii) purchased, otherwise acquired and/or sold during the Settlement Class Period, as well as the number of shares, dates and prices for each such purchase, other acquisition, and sale; and (c) that the Person wishes to be excluded from the Settlement Class in *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT.  A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be

bound by the Stipulation or any Final judgment.  Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

20.     The Claims Administrator, Lead Counsel, or other Person designated to receive exclusion requests shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion by email, whether timely and valid or not, as expeditiously as possible, but in no event later than five (5) calendar days of receipt thereof and in any event no later than August 30, 2024.

21.     The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, only if such comments or objections and any supporting papers are submitted to the Claims Administrator and postmarked no later than August 23, 2024.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the Fee and Expense Application is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must (a) state the name, address, email address and telephone number of the objecting Person and must be signed by the objecting person; (b) include documentation establishing the objecting Person's membership in the Settlement Class, including the number of shares of Alphabet Class A and/or Class C shares that the objecting Person (i) owned as of the opening of trading on April 23, 2018, and (ii) purchased, otherwise acquired and/or sold during the Settlement Class Period, as well as the dates and prices for each such purchase, other acquisition or sale; and (c) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  The objection must identify all other class action settlements the objector and his, her, its, or their counsel has previously objected to in the prior two years, and contain the objector's signature, even if represented by counsel.

22.     Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

23.     The Claims Administrator shall cause to be provided to Lead Counsel and Defendants copies of all objections by email, whether timely and valid or not, as expeditiously as possible, but in no event later than five (5) calendar days after receipt thereof and in any event no later than August 30, 2024.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and/or any Fee and Expense Application by Lead Counsel shall be filed and served no later than July 19, 2024.  Replies to any objections shall be filed and served no later than September 6, 2024.

26.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any Fee or Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

27.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any Fee and Expense Application shall be approved.

28.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel, the Settlement Class nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.8 or 2.9 of the Stipulation.

29.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

30.    If the Stipulation and the Settlement set forth therein is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties.  In such event, any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall revert to their respective positions in the Action as of October 20, 2023, as provided for, and subjection to the exceptions contained in, ¶7.5 of the Stipulation.

31.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins the Lead Plaintiff, and any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any and all of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

32.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

33.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____    April 9, 2024

_____
THE HONORABLE TRINA L. THOMPSON
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  ELLEN GUSIKOFF STEWART (144892)
   JASON A. FORGE (181542)
3  LAURA ANDRACCHIO (187773)
   MICHAEL ALBERT (301120)
4  J. MARCO JANOSKI GRAY (306547)
   TING H. LIU (307747)
5  KENNETH P. DOLITSKY (345400)
   SARAH A. FALLON (345821)
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8  elleng@rgrdlaw.com
   jforge@rgrdlaw.com
9  landracchio@rgrdlaw.com
   malbert@rgrdlaw.com
10 mjanoski@rgrdlaw.com
   tliu@rgrdlaw.com
11 kdolitsky@rgrdlaw.com
   sfallon@rgrdlaw.com
12
   Lead Counsel for Plaintiff
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16
   In re ALPHABET, INC. SECURITIES          )  Master File No. 3:18-cv-06245-TLT
17 LITIGATION                               )
                                            )  CLASS ACTION
18 ─────────────────────────────────        )
                                            )  NOTICE OF PENDENCY AND PROPOSED
19 This Document Relates To:                )  SETTLEMENT OF CLASS ACTION
                                            )
20      ALL ACTIONS.                        )  EXHIBIT 1
   ─────────────────────────────────        )
21

22

23

24

25

26

27

28

4861-1930-8698.v4

1

**TO:    ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED ALPHABET, INC. ("ALPHABET") CLASS A AND/OR CLASS C STOCK DURING THE PERIOD FROM APRIL 23, 2018, THROUGH APRIL 30, 2019, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

2

3

4    PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A

5    SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE

6    SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON**

7    **OR BEFORE JULY 25, 2024**.

8    This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States

9    District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiff State of Rhode

10   Island, Office of the Rhode Island Treasurer on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island" or "Lead Plaintiff") and Defendants Alphabet, Google LLC,

11   Lawrence E. Page, Sundar Pichai, Keith P. Enright, and John Kent Walker, Jr., and the proposed $350,000,000.00 settlement reached therein (the "Settlement") and of the hearing to be held by the

12   Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the

13   Settlement and this class action.[1]

14   This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the

15   merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency and proposed Settlement of the Action and of your rights in connection

16   therewith.

17

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claims must be postmarked or submitted online on or before July 25, 2024.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before August 23, 2024.** |

18

19

20

21

22

23

24

25

26   ---
[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the

27   meanings provided in the Stipulation of Settlement dated February 5, 2024 (the "Settlement Agreement" or "Stipulation"), which is available on the website

28   www.AlphabetSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT** | Explain why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Settlement Class Member.  **Objections must be sent to the Claims Administrator no later than August 23, 2024.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON SEPTEMBER 24, 2024** | Ask to speak in Court about the fairness, reasonableness, and adequacy of the Settlement.  **Settlement Class Members may appear, by counsel or on their own behalf, to be heard in support of or in opposition to the Settlement Agreement and Lead Counsel's motion for attorneys' fees and expenses by filing a Notice of Intention to Appear with the Court by no later than August 26, 2024.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Recovery**

Pursuant to the Settlement described herein, a $350 million settlement fund has been established.  Based on Lead Plaintiff's estimate of the number of Alphabet Class A and Class C shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $3.27 per Class A share and $2.85 per Class C share before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Settlement Class Members should note, however, that these are only estimates**.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's allowed claim amount as compared to the total allowed claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than these estimated average amounts.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged.  Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Alphabet Class A and Class C stock were allegedly artificially inflated (if at all) during the Settlement Class Period; (4) the amount, if any, by which the prices of Alphabet Class A and Class C stock were allegedly artificially inflated (if at all) during the Settlement Class Period; (5) the effect of various market forces on the prices of Alphabet Class A and Class C stock at various times during the period from April 23, 2018 through and including April 30, 2019, inclusive (the "Settlement

Class Period"); (6) the extent to which external factors influenced the prices of Alphabet Class A and Class C stock at various times during the Settlement Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Alphabet Class A and Class C stock at various times during the Settlement Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Alphabet Class A and Class C stock at various times during the Settlement Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that if it was successful in obtaining a recovery for the Settlement Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed nineteen percent (19%) of the Settlement Amount, plus expenses not to exceed $1,750,000, plus interest earned thereon. If the amounts requested are approved by the Court, the average cost per Alphabet Class A and Class C share will be approximately $0.64 and $0.56, respectively.

**Further Information**

For further information regarding the Action, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at ___-___-____ or visit the website www.AlphabetSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is that further litigation could be protracted, burdensome, expensive, and distracting. Defendants also have taken into account the uncertainty, risks, and costs, inherent in any litigation, especially in complex cases such as this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged and settled in the manner and upon the terms and conditions set forth in the Stipulation.

<strong>BASIC INFORMATION</strong>

**1.    Why did I get this Notice package?**

This Notice is being provided to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Alphabet Class A and/or Class C stock shares during the Settlement Class Period.

1   This Notice explains the class action lawsuit, the Settlement, Settlement Class Members'
2   legal rights in connection with the Settlement, what benefits are available, who is eligible for them,
    and how to get them.

3   The Court in charge of the Action is the United States District Court for the Northern District
4   of California, and the case is known as *In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-
    TLT.  The case has been assigned to the Honorable Trina L. Thompson.  The institution representing
5   the Class is the Lead Plaintiff, and the companies and individuals it sued and who have now settled
    are called the Defendants.

6   | **2.** | **What is this lawsuit about?** |
    | --- | --- |

7   On October 11, 2018, an initial complaint in the Action was filed in the United States District
8   Court for the Northern District of California and a substantially similar complaint was filed in the
    United States District Court for the Eastern District of New York.  *Khaled El Mawardy v. Alphabet,*
    *Inc., et al.*, No. 1:18-cv-05704 (E.D.N.Y.).  On November 7, 2018, the *El Mawardy* case was
9   transferred to the Northern District of California.

10  On January 25, 2019, Judge Jeffrey S. White consolidated the two related cases, appointed
11  Rhode Island as Lead Plaintiff and approved Rhode Island's selection of Robbins Geller Rudman &
    Dowd LLP as Lead Counsel.

12  On April 26, 2019, Lead Plaintiff filed the Consolidated Amended Complaint for Violation
13  of the Federal Securities Laws, alleging violations of §§10(b) and 20(a) of the Securities Exchange
    Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder against Defendants (the
14  "Complaint").  Defendants moved to dismiss the Complaint on May 31, 2019.  On February 5, 2020,
    Judge White granted Defendants' motion to dismiss the Complaint with leave to amend (the
15  "Order").  Lead Plaintiff did not amend the Complaint, and on March 13, 2020, the Court entered
    judgment in Defendants' favor.

16  On April 9, 2020, Lead Plaintiff filed a notice of appeal of Judge White's Order and entry of
17  judgment to the United States Court of Appeals for the Ninth Circuit (the "Appeal").  The Appeal
    was fully briefed on October 12, 2020 and oral argument was heard on February 4, 2021.  *See In re*
18  *State of Rhode Island v. Alphabet, Inc., et al.*, No. 20-15638 (9th Cir.).  On June 16, 2021, the Ninth
    Circuit affirmed in part and reversed in part Judge White's motion to dismiss order, vacated the
19  judgment, and remanded for further proceedings.  *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 702
    (9th Cir. 2021).  On March 7, 2022, the United States Supreme Court denied Defendants' petition for
20  *writ of certiorari.  Alphabet, Inc., et al. v. Rhode Island*, 142 S. Ct. 1227, 212 L. Ed. 2d 233 (2022).

21  On June 21, 2022, in the backdrop of contentious discovery disputes and disagreements
    between the Parties regarding the scope of the Action, Rhode Island moved for class certification.
22  Shortly thereafter, the Parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally
    recognized mediator, to facilitate settlement negotiations.  On August 5, 2022, the Parties engaged in
23  an in-person mediation session.  The mediation session was preceded by submission of mediation
    statements and exhibits by each party.  The Parties engaged in arm's-length negotiations during the
24  mediation session, but did not reach an agreement at that mediation.

25  On August 22, 2022, Defendants filed their opposition to Rhode Island's motion for class
    certification, which argued, *inter alia*, that Rhode Island's damages theory improperly relied on
26  allegations regarding a share price decline on April 30, 2019 that post-dated the Complaint and was
    not within its scope.  On August 29, 2022, the Court ordered briefing regarding the scope of the
27  Action on remand.  On September 8, 2022, Rhode Island sought leave to supplement the Complaint
    pursuant to Fed. R. Civ. P. 15(d).  Following months of extensive briefing in connection with Rhode
28  Island's motion to certify, motion to supplement, and the parties' scope disputes, Judge White
    entered an order on February 28, 2023 striking the motion for class certification and allowing Rhode

1   Island to supplement the Complaint to include the April 2019 allegations in the Action. On February
2   28, 2023, Rhode Island filed the Supplement to the Consolidated Amended Complaint for Violations
    of the Federal Securities Laws and on March 14, 2023, Defendants' filed their Answer to the
3   Supplement.

4           Rhode Island filed its renewed motion for class certification on May 2, 2023. Rhode Island's
    renewed motion for class certification gave rise to extensive and wide-ranging briefing, four expert
5   reports, an attempted *amicus curiae* submission (and disputes related thereto) and the deposition of
    one of Rhode Island's experts. On July 25, 2023, this Action was reassigned to the Honorable Trina
6   L. Thompson, following Judge White's recusal.

7           The Parties continued their settlement discussion through the Mediator following their initial
    mediation session, without success. On October 20, 2023, however, the Parties accepted the
8   Mediator's proposal to resolve the Action. The agreement included, among other things, the Settling
    Parties' agreement to settle and release all claims that were asserted or could have been asserted in
9   the Action in return for a cash payment of $350,000,000.00 to be paid by Alphabet on behalf of
    Defendants, for the benefit of the Settlement Class, subject to the negotiation of the terms of a
10  Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits
    thereto) reflects the final and binding agreement between the Settling Parties.

11          Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead
12  Plaintiff in the Action. They have expressly denied and continue to deny that they have violated the
    federal securities laws or any other laws, or have otherwise misled investors as alleged in the Action.
13  Defendants have denied and continue to deny the allegations that any of the Defendants made any
    material misstatements or omissions or engaged in any fraudulent scheme, and that any member of
14  the Settlement Class has suffered damages resulting from the conduct alleged in the Action. In
    addition, Defendants maintain that they have meritorious defenses to the claims alleged in the
    Action.

15

16  | **3.     Why is there a settlement?** |
    | --- |

17          The Court has not decided in favor of Defendants or the Lead Plaintiff. Instead, both sides
18  agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead
    Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive
19  compensation.

20                          **WHO IS IN THE SETTLEMENT**

    | **4.     How do I know if I am a member of the Settlement Class?** |
    | --- |
21
22          The Court directed that everyone who fits this description is a Settlement Class Member: all
    Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the
23  period from April 23, 2018, through April 30, 2019, inclusive, except those Persons that are
    excluded.

24          Excluded from the Settlement Class are: Defendants and their families, the officers, directors,
25  and affiliates of Defendants, at all relevant times, members of their immediate families and their
    legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a
26  controlling interest. Also excluded from the Settlement Class are those Persons who timely and
    validly exclude themselves therefrom by submitting a request for exclusion in accordance with the
    requirements set forth in question 11 below.

27
28          **Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member
    or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class

Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online at www.AlphabetSecuritiesSettlement.com on or before July 25, 2024.

**5.      What if I am still not sure if l am included?**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at ___-___-____, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.      What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $350 million to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, Court-awarded attorneys' fees and expenses, any Litigation Expenses awarded by the Court, and any other fees or expenses approved by the Court to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

**7.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total value of Alphabet Class A and/or Class C shares represented by the valid Proofs of Claim that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

**8.      How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.AlphabetSecuritiesSettlement.com.   Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than July 25, 2024**. The Proof of Claim form may be submitted online at www.AlphabetSecuritiesSettlement.com.

**9.      When would I get my payment?**

**The Court will hold a Settlement Hearing on September 24, 2024, at 2:00 p.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

**10.      What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their "Related Persons" (as defined below) about the "Released Claims" (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                                                                      - 6 -
4861-1930-8698.v4

remain a Settlement Class Member, and if the Settlement is approved, you will give up all Released Claims, including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Related Persons" means each and all of a Defendant's present and former subsidiaries, divisions, controlling persons, associates, entities, and affiliates, and each of all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; as well as the predecessors, successors, assigns, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law, or any other law, rule or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Alphabet Class A and/or Class C common stock during the period from April 23, 2018 through April 30, 2019, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff and other members of the Settlement Class in the Action. The definition of Released Claims includes, but is not limited to, claims arising out of Alphabet's results in the fourth quarter of 2018 or the first quarter of 2019. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Counsel and Settlement Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of the Defendants, and each of all of their Related Persons.

- "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her or its favor at

the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth therein, or might have affected his, her or its decision not to object to this Settlement or not exclude itself, herself or himself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

**11.     How do I get out of the Settlement Class and the proposed Settlement?**

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Alphabet Securities Settlement*." Your letter must include the number of Alphabet Class A and/or Class C shares that you (i) owned as of the opening of trading on April 23, 2018, and (ii) purchased, otherwise acquired and/or sold during the Settlement Class Period, including the number of shares, dates and prices for each such purchase, other acquisition and sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than August 23, 2024** to:

*Alphabet Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC_____
ATTN: EXCLUSIONS
P.O. Box _____
_____, __ _____-____

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Action, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

**12.     If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?**

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is August 23, 2024.

**13.     If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

**14.     Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.     How will the lawyers be paid?**

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed nineteen percent (19%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,750,000 in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                                                    - 9 -
4861-1930-8698.v4

1

## OBJECTING TO THE SETTLEMENT

2

You can tell the Court that you do not agree with the Settlement or any part of it.

3

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |

4

5

6

7

Any Settlement Class Member who does not request exclusion, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses. You can ask the Court to deny approval by submitting an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

8

9

10

11

Any objection to the proposed Settlement must be in writing. You must include your name, address, email address, telephone number, and your signature. If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT), (b) be sent to the Claims Administrator at P.O. Box _____, _____, _____, and (c) be postmarked on or before August 23, 2024.

12

13

14

15

16

17

18

19

The notice of objection must include documentation establishing the objecting Person's membership in the Settlement Class, including the number of shares of Alphabet Class A and/or Class C shares that the objecting Person (1) owned as of the opening of trading on April 23, 2018, and (2) purchased, acquired and/or sold during the Settlement Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel. The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, objecting shareholders must indicate whether the objector or their counsel have filed objections to any other class action settlements in the past two years. Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20

21

You may submit a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you have first submitted a written objection in accordance with the procedures described above, unless the Court orders otherwise.

22

| **17.** | **What is the difference between objecting and excluding?** |

23

24

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

25

26

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Persons. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

27

28

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at **2:00 p.m., on September 24, 2024**, in the Courtroom of the Honorable Trina L. Thompson, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much Lead Counsel will be paid.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement Website, www.AlphabetSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

**19.    Do I have to come to the hearing?**

No. Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**20.    May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Alphabet Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any awards to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. If you intend to appear at the Settlement Hearing, you must file your Notice of Intention to Appear with the Court **no later than August 26, 2024**.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**21.    What happens if I do nothing?**

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Persons about the Released Claims in this case.

**GETTING MORE INFORMATION**

| **22.    How do I get more information?** |
|---|

   This Notice contains only a summary of the terms of the proposed Settlement.  For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at ___-___-____.   Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Action, which are posted on the Settlement Website at www.AlphabetSecuritiesSettlement.com.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.AlphabetSecuritiesSettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Proof of Claim should be directed to:

*Alphabet Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box _____
_____
**-or-**

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
800/449-4900
settlementinfo@rgrdlaw.com

*Lead Counsel*

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
SETTLEMENT CLASS MEMBERS**

   The Settlement Amount of $350 million U.S. Dollars together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all Taxes, Tax Expenses, Notice and Administration Expenses, Court-awarded attorneys' fees and expenses, any Litigation Expenses awarded by the Court, and any other fees or expenses approved by the Court (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claims to the Claims Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Alphabet Class A and/or Class C stock during the Settlement Class Period.

**PROPOSED PLAN OF ALLOCATION**

   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint and Supplement.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts

that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiff's consulting damages expert, based on assumptions provided by Lead Counsel, calculated the estimated amount of artificial inflation in the per-share closing price of Alphabet's Class A and Class C stock which allegedly was proximately caused by Defendants' alleged omissions and scheme.

In calculating the estimated artificial inflation allegedly caused by Defendants' alleged omissions and scheme, Lead Plaintiff's consulting damages expert considered price changes in Alphabet Class A and Class C stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged omissions and scheme, adjusting for assumptions related to the case provided by Lead Counsel.

In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Alphabet Class A and Class C stock. Lead Plaintiff alleges that Defendants made material omissions and engaged in a scheme, which had the effect of artificially inflating the price of Alphabet Class A and Class C stock between April 23, 2018 and April 30, 2019, inclusive.  Lead Plaintiff alleges revelatory information was released to the market on October 8, 2018 and April 29, 2019, which removed artificial inflation from the price of Alphabet Class A and Class C stock.

Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Alphabet Class A and Class C stock at the time of purchase and at the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased Alphabet Class A or Class C stock prior to the first corrective disclosure, which occurred on October 8, 2018, must have held his, her or its shares of Alphabet Class A or Class C stock until at least 12:00 a.m. EDT on October 8, 2018.  A Settlement Class Member who or which purchased Alphabet Class A or Class C stock from October 9, 2018 through and including the end of the day on April 29, 2019, must have held those shares through 12:00 a.m. on April 30, 2019.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Alphabet Class A and Class C stock during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

For each share of Alphabet Class A or Class C stock purchased or otherwise acquired from April 23, 2018 through and including the close of trading on April 30, 2019, the Recognized Loss Amount will be determined as follows:[2]

       (a)    For each share of such Class A stock that is:

       (i)    Sold before October 8, 2018, the Recognized Loss Amount will be $0.00;

---

[2]    Dollar amounts in this document are not adjusted for Alphabet's 20-for-1 split, which was announced on July 15, 2022 (with record date July 1, 2022).

(ii)     Sold from October 8, 2018, through and including April 29, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 1 below), and (ii) the purchase price *minus* the sale price;

(iii)     Sold from April 30, 2019 through and including the close of trading on July 26, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 1 below), and (ii) the purchase price *minus* the sale price; and

(iv)     Held as of the close of trading on July 26, 2019, the Recognized Loss Amount will be *the least of*: (i) the inflation per share during the holding period (as presented in Table 1 below), (ii) the purchase price *minus* $1,128.33 ($1,128.33 was the average closing price for shares of Alphabet Class A common stock between April 30, 2019 and July 28, 2019 as shown in Table 3 below), or (iii) the purchase price *minus* the sale price.[3]

(b)     For each share of such Class C stock that is:

(i)     Sold before October 8, 2018, the Recognized Loss Amount will be $0.00;

(ii)     Sold from October 8, 2018, through and including April 29, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 2 below), and (ii) the purchase price *minus* the sale price;

(iii)     Sold from April 30, 2019 through and including the close of trading on July 26, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the inflation per share during the holding period (as presented in Table 2 below), and (ii) the purchase price *minus* the sale price; and

(iv)     Held as of the close of trading on July 26, 2019, the Recognized Loss Amount will be *the least of*: (i) the inflation per share during the holding period (as presented in Table 2 below), (ii) the purchase price *minus* $1,125.68 ($1,125.68 was the average closing price for shares of Alphabet Class C common stock between April 30, 2019 and July 28, 2019 as shown in Table 4 below), or (iii) the purchase price *minus* the sale price.[4]

---

[3]     Pursuant to Section 21(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Alphabet Class A and Class C stock during the "90-day look-back period," April 30, 2019 through and including July 28, 2019. The mean (average) closing price for Alphabet Class A stock during this period was $1,128.33 per share.

[4]     The mean (average) closing price for Alphabet Class C stock during this period was $1,125.68 per share.

**TABLE 1**

**Inflation Per Share by Date of Purchase and Date of Sale: Alphabet Class A Stock**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 4/23/2018-10/7/2018 | 10/8/2018-4/29/2019 | 4/30/2019-7/26/2019 | Retained beyond 7/26/2019 |
| 4/23/2018-10/8/2018 | 0 | $4.67 | $5.84 | $5.84 |
| 10/9/2018-4/29/2019 | 0 | 0 | $1.17 | $1.17 |

**TABLE 2**

**Inflation Per Share by Date of Purchase and Date of Sale: Alphabet Class C Stock**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 4/23/2018-10/7/2018 | 10/8/2018-4/29/2019 | 4/30/2019-7/26/2019 | Retained beyond 7/26/2019 |
| 4/23/2018-10/8/2018 | 0 | $3.85 | $4.81 | $4.81 |
| 10/9/2018-4/29/2019 | 0 | 0 | $0.96 | $0.96 |

**TABLE 3**

**Closing Price and Average Closing Price: Alphabet Class A Stock (GOOGL)**

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 4/30/2019 | $1,198.96 | $1,198.96 | 6/13/2019 | $1,091.01 | $1,131.46 |
| 5/1/2019 | $1,173.32 | $1,186.14 | 6/14/2019 | $1,086.30 | $1,130.09 |
| 5/2/2019 | $1,166.51 | $1,179.60 | 6/17/2019 | $1,093.89 | $1,129.03 |
| 5/3/2019 | $1,189.55 | $1,182.09 | 6/18/2019 | $1,105.24 | $1,128.35 |
| 5/6/2019 | $1,193.46 | $1,184.36 | 6/19/2019 | $1,104.51 | $1,127.69 |
| 5/7/2019 | $1,178.86 | $1,183.44 | 6/20/2019 | $1,113.20 | $1,127.30 |
| 5/8/2019 | $1,170.78 | $1,181.63 | 6/21/2019 | $1,125.37 | $1,127.24 |
| 5/9/2019 | $1,167.97 | $1,179.93 | 6/24/2019 | $1,116.70 | $1,126.97 |
| 5/10/2019 | $1,167.64 | $1,178.56 | 6/25/2019 | $1,087.58 | $1,125.99 |
| 5/13/2019 | $1,136.59 | $1,174.36 | 6/26/2019 | $1,080.32 | $1,124.88 |
| 5/14/2019 | $1,124.86 | $1,169.86 | 6/27/2019 | $1,076.63 | $1,123.73 |
| 5/15/2019 | $1,170.80 | $1,169.94 | 6/28/2019 | $1,082.80 | $1,122.78 |
| 5/16/2019 | $1,184.50 | $1,171.06 | 7/1/2019 | $1,100.00 | $1,122.26 |

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 5/17/2019 | $1,168.78 | $1,170.90 | 7/2/2019 | $1,112.60 | $1,122.04 |
| 5/20/2019 | $1,144.66 | $1,169.15 | 7/3/2019 | $1,122.99 | $1,122.06 |
| 5/21/2019 | $1,154.44 | $1,168.23 | 7/5/2019 | $1,132.67 | $1,122.29 |
| 5/22/2019 | $1,155.85 | $1,167.50 | 7/8/2019 | $1,116.79 | $1,122.17 |
| 5/23/2019 | $1,145.34 | $1,166.27 | 7/9/2019 | $1,124.29 | $1,122.22 |
| 5/24/2019 | $1,138.61 | $1,164.81 | 7/10/2019 | $1,140.91 | $1,122.59 |
| 5/28/2019 | $1,139.56 | $1,163.55 | 7/11/2019 | $1,144.08 | $1,123.01 |
| 5/29/2019 | $1,119.94 | $1,161.48 | 7/12/2019 | $1,145.34 | $1,123.44 |
| 5/30/2019 | $1,121.41 | $1,159.65 | 7/15/2019 | $1,150.51 | $1,123.95 |
| 5/31/2019 | $1,106.50 | $1,157.34 | 7/16/2019 | $1,153.46 | $1,124.50 |
| 6/3/2019 | $1,038.74 | $1,152.40 | 7/17/2019 | $1,146.74 | $1,124.90 |
| 6/4/2019 | $1,054.49 | $1,148.48 | 7/18/2019 | $1,147.24 | $1,125.30 |
| 6/5/2019 | $1,044.64 | $1,144.49 | 7/19/2019 | $1,131.55 | $1,125.41 |
| 6/6/2019 | $1,047.76 | $1,140.91 | 7/22/2019 | $1,139.21 | $1,125.65 |
| 6/7/2019 | $1,068.37 | $1,138.32 | 7/23/2019 | $1,148.05 | $1,126.03 |
| 6/10/2019 | $1,082.76 | $1,136.40 | 7/24/2019 | $1,139.73 | $1,126.26 |
| 6/11/2019 | $1,081.04 | $1,134.56 | 7/25/2019 | $1,135.94 | $1,126.42 |
| 6/12/2019 | $1,079.10 | $1,132.77 | 7/26/2019 | $1,245.22 | $1,128.33 |

### TABLE 4

**Closing Price and Average Closing Price: Alphabet Class C Stock (GOOG)**

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 4/30/2019 | $1,188.48 | $1,188.48 | 6/13/2019 | $1,088.77 | $1,127.25 |
| 5/1/2019 | $1,168.08 | $1,178.28 | 6/14/2019 | $1,085.35 | $1,125.98 |
| 5/2/2019 | $1,162.61 | $1,173.06 | 6/17/2019 | $1,092.50 | $1,125.00 |
| 5/3/2019 | $1,185.40 | $1,176.14 | 6/18/2019 | $1,103.60 | $1,124.39 |
| 5/6/2019 | $1,189.39 | $1,178.79 | 6/19/2019 | $1,102.33 | $1,123.77 |
| 5/7/2019 | $1,174.10 | $1,178.01 | 6/20/2019 | $1,111.42 | $1,123.44 |
| 5/8/2019 | $1,166.27 | $1,176.33 | 6/21/2019 | $1,121.88 | $1,123.40 |
| 5/9/2019 | $1,162.38 | $1,174.59 | 6/24/2019 | $1,115.52 | $1,123.20 |
| 5/10/2019 | $1,164.27 | $1,173.44 | 6/25/2019 | $1,086.35 | $1,122.28 |
| 5/13/2019 | $1,132.03 | $1,169.30 | 6/26/2019 | $1,079.80 | $1,121.24 |
| 5/14/2019 | $1,120.44 | $1,164.86 | 6/27/2019 | $1,076.01 | $1,120.16 |

| Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown | Date | Closing price | Average Closing Price Between April 30, 2019 and Date Shown |
|---|---|---|---|---|---|
| 5/15/2019 | $1,164.21 | $1,164.81 | 6/28/2019 | $1,080.91 | $1,119.25 |
| 5/16/2019 | $1,178.98 | $1,165.90 | 7/1/2019 | $1,097.95 | $1,118.77 |
| 5/17/2019 | $1,162.30 | $1,165.64 | 7/2/2019 | $1,111.25 | $1,118.60 |
| 5/20/2019 | $1,138.85 | $1,163.85 | 7/3/2019 | $1,121.58 | $1,118.66 |
| 5/21/2019 | $1,149.63 | $1,162.96 | 7/5/2019 | $1,131.59 | $1,118.94 |
| 5/22/2019 | $1,151.42 | $1,162.28 | 7/8/2019 | $1,116.35 | $1,118.88 |
| 5/23/2019 | $1,140.77 | $1,161.09 | 7/9/2019 | $1,124.83 | $1,119.01 |
| 5/24/2019 | $1,133.47 | $1,159.64 | 7/10/2019 | $1,140.48 | $1,119.44 |
| 5/28/2019 | $1,134.15 | $1,158.36 | 7/11/2019 | $1,144.21 | $1,119.92 |
| 5/29/2019 | $1,116.46 | $1,156.37 | 7/12/2019 | $1,144.90 | $1,120.40 |
| 5/30/2019 | $1,117.95 | $1,154.62 | 7/15/2019 | $1,150.34 | $1,120.97 |
| 5/31/2019 | $1,103.63 | $1,152.40 | 7/16/2019 | $1,153.58 | $1,121.57 |
| 6/3/2019 | $1,036.23 | $1,147.56 | 7/17/2019 | $1,146.35 | $1,122.02 |
| 6/4/2019 | $1,053.05 | $1,143.78 | 7/18/2019 | $1,146.33 | $1,122.45 |
| 6/5/2019 | $1,042.22 | $1,139.88 | 7/19/2019 | $1,130.10 | $1,122.59 |
| 6/6/2019 | $1,044.34 | $1,136.34 | 7/22/2019 | $1,138.07 | $1,122.86 |
| 6/7/2019 | $1,066.04 | $1,133.83 | 7/23/2019 | $1,146.21 | $1,123.25 |
| 6/10/2019 | $1,080.38 | $1,131.98 | 7/24/2019 | $1,137.81 | $1,123.49 |
| 6/11/2019 | $1,078.72 | $1,130.21 | 7/25/2019 | $1,132.12 | $1,123.64 |
| 6/12/2019 | $1,077.03 | $1,128.49 | 7/26/2019 | $1,250.41 | $1,125.68 |

**ADDITIONAL PROVISIONS**

**Calculation of Claimant's "Recognized Claim"**: A Claimant's "Recognized Claim" will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to Alphabet Class A and Class C stock.

**FIFO Matching**: If a Settlement Class Member made more than one purchase or sale of Alphabet Class A and Class C stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

**"Purchase/Sale" Dates**: Purchases and sales of Alphabet Class A and Class C stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Alphabet Class A and Class C stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented. However, the receipt or grant by gift, inheritance, or operation of law of Alphabet Class A and Class C stock during the Settlement Class Period shall not be deemed a purchase or sale of Alphabet Class A and Class C stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Alphabet Class A and Class C stock unless (i) the donor or decedent purchased the shares during the

Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

**Short Sales**: The date of covering a "short sale" is deemed to be the date of purchase of the Alphabet Class A and Class C stock.  The date of a "short sale" is deemed to be the date of sale of the Alphabet Class A and Class C stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.  In the event that a Claimant has an opening short position in Alphabet Class A and Class C stock, the earliest purchases of Alphabet Class A and Class C stock during the Settlement Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

**Class A and Class C Stock Purchased/Sold Through the Exercise of Options**:  Option contracts are not securities eligible to participate in the Settlement.  With respect to Alphabet Class A and Class C stock purchased or sold through the exercise of an option, the purchase/sale date of the Class A and Class C stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

**Market Gains and Losses**: The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Alphabet Class A and Class C stock during the Settlement Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Alphabet Class A and Class C stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement and the Agreement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Alphabet Class A and Class C stock during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Alphabet Class A and Class C stock purchased between April 23, 2018 and April 30, 2019, inclusive.

[6] The Claims Administrator shall match any sales of Alphabet Class A and Class C stock between April 23, 2018 and April 30, 2019, inclusive first against the Claimant's opening position in Alphabet Class A and Class C stock, as appropriate by Class (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Alphabet Class A and Class C stock sold between April 23, 2018 and April 30, 2019, inclusive is the "Total Sales Proceeds" for that class.

[7] The Claims Administrator shall ascribe a "Holding Value" of $1,128.33 to each share of Alphabet Class A stock purchased between April 23, 2018 and April 30, 2019, inclusive that was still held as of the close of trading on July 26, 2019. The Claims Administrator shall ascribe a "Holding Value" of $1,125.68 to each share of Alphabet Class C stock purchased between April 23, 2018 and April 30, 2019, inclusive that was still held as of the close of trading on July 26, 2019.

**Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with its Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's consulting experts, Defendants, Defendants' Counsel, or any of the other Settlement Class Members or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

The Plan of Allocation stated herein is the Plan that is being proposed to the Court for its approval by Lead Plaintiff, after consultation with its consulting damages expert. The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.AlphabetSecuritiesSettlement.com.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to the Investor Protection Trust.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, Defendants' Counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any Judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Alphabet Class A and/or Class C stock during the Settlement Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE SUMMARY NOTICE, you either (a) provide to the Claims Administrator the name and last known email or physical address of each person or organization for whom or which you purchased or acquired such Alphabet Class A and/or Class C stock during such time period, or (b) request additional copies of the Summary Notice which will be provided to you free of charge, and within seven (7) calendar days send via email or regular mail where an email address is not available, mail the Summary Notice directly to the beneficial owners of the Alphabet Class A and/or Class C stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the email was sent or the mailing was made as directed and retain the names, email addresses or physical addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Summary Notice emailed or mailed by you, plus postage at the rate used by the Claims Administrator. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Alphabet Securities Settlement*
Claims Administrator
c/o _____
P.O. _____
_____, ___ _____

1    DATED: _____

2                                    BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
3                                    NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                          - 21 -

# EXHIBIT 2

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  ELLEN GUSIKOFF STEWART (144892)
   JASON A. FORGE (181542)
3  LAURA ANDRACCHIO (187773)
   MICHAEL ALBERT (301120)
4  J. MARCO JANOSKI GRAY (306547)
   TING H. LIU (307747)
5  KENNETH P. DOLITSKY (345400)
   SARAH A. FALLON (345821)
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8  elleng@rgrdlaw.com
   jforge@rgrdlaw.com
9  landracchio@rgrdlaw.com
   malbert@rgrdlaw.com
10 mjanoski@rgrdlaw.com
   tliu@rgrdlaw.com
11 kdolitsky@rgrdlaw.com
   sfallon@rgrdlaw.com
12
   Lead Counsel for Plaintiff
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16
   In re ALPHABET, INC. SECURITIES    )  Master File No. 3:18-cv-06245-TLT
17 LITIGATION                         )
                                      )  CLASS ACTION
18 _____ )
                                      )  PROOF OF CLAIM AND RELEASE
   This Document Relates To:          )
19                                    )  EXHIBIT 2
        ALL ACTIONS.                  )
20 _____ )
21
22
23
24
25
26
27
28

4853-7970-9595.v4

1    **I.     GENERAL INSTRUCTIONS**

2         1.     To recover as a member of the Settlement Class based on your claims in the action *In*

3    *re Alphabet, Inc. Securities Litigation*, No. 3:18-cv-06245-TLT (the "Action"), you must complete

4    and, on page __ hereof, sign this Proof of Claim and Release ("Proof of Claim" or "Claim Form").

5    If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form,

6    postmarked or received by the date shown below, your claim may be rejected and you may be

7    precluded from any recovery from the Net Settlement Fund created in connection with the proposed

8    settlement of the Action (the "Settlement").[1]

9    

10        2.     Submission of this Claim Form, however, does not assure that you will share in the

11   proceeds of the Settlement.

12        3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED

13   CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN,

14   NO LATER THAN JULY 25, 2024, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR

15   IN THIS CASE, AT THE FOLLOWING ADDRESS:

16   

17                    *Alphabet Securities Settlement*
                          Claims Administrator
18                      c/o _Gilardi & Co. LLC
                             P.O. Box ____
19              _____, _____-_____
                 Online Submissions: www.AlphabetSecuritiesSettlement.com
20   

21   Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.

22   Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are

23   NOT a member of the Settlement Class (as defined below and in the Notice of Pendency and

24   Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Claim Form.

25   

26   

27   _____
     [1]     This Claim Form incorporates by reference the definitions in the Stipulation of Settlement
28   ("Stipulation"), which can be obtained at www.AlphabetSecuritiesSettlement.com.

EX. 2 – PROOF OF CLAIM AND RELEASE
3:18-cv-06245-TLT                                                                              - 1 -
4853-7970-9595.v4

4. If you are a member of the Settlement Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5. It is important that you completely read and understand the Notice that is available at www.AlphabetSecuritiesSettlement.com, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice (as well as the Stipulation) also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.

## II.   CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you purchased or otherwise acquired Alphabet, Inc. ("Alphabet") Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants and their families, the officers, directors and affiliates of Defendants, at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this Claim Form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Alphabet Class A or Class C stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ALPHABET CLASS A OR CLASS C STOCK UPON WHICH THIS CLAIM IS BASED.

1       All joint purchasers or acquirers must sign this Claim Form.  Executors, administrators,

2   guardians, conservators and trustees must complete and sign this Claim Form on behalf of persons

3   represented by them and their authority must accompany this Claim Form and their titles or

4   capacities must be stated.  The last four digits of the Social Security number (or full taxpayer

5   identification number) and telephone number of the beneficial owner may be used in verifying the

6   claim.  Failure to provide the foregoing information could delay verification of your claim or result

7   in rejection of the claim.

8       If you are acting in a representative capacity on behalf of a Settlement Class Member (for

9   example, as an executor, administrator, trustee, or other representative), you must submit evidence of

10  your current authority to act on behalf of that Settlement Class Member.  Such evidence would

11  include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

12      One Proof of Claim should be submitted for each separate legal entity.  Separate Proof of

13  Claim should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not

14  include separate transactions of just one of the joint owners, and an individual should not combine

15  his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a

16  single Proof of Claim should be submitted on behalf of one legal entity, including all transactions

17  made by that entity on one Proof of Claim, no matter how many separate accounts that entity has

18  (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all

19  accounts on one Proof of Claim).

20      NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of

21  transactions may request to, or may be requested to, submit information regarding their transactions

22  in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim listing all

23  their transactions whether or not they also submit electronic copies.  If you wish to file your Proof of

24  Claim electronically, you must contact the Claims Administrator at _____ to obtain the

25  mandatory file layout.  Any file not in accordance with the required electronic filing format will be

26  subject to rejection.  Only one Proof of Claim should be submitted for each legal entity (*see* above)

27  and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for.

28  No electronic files will be considered to have been properly submitted unless the Claims

EX. 2 – PROOF OF CLAIM AND RELEASE
3:18-cv-06245-TLT                                                                          - 3 -
4853-7970-9595.v4

1   Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of

2   electronically submitted data.  Do not assume that your file has been received until you receive this

3   notification.  If you do not receive such an email within 10 days of your submission you should

4   contact the electronic filing department at _____ to inquire about your file and

5   confirm it was received.

6   **III.     PROOF OF CLAIM**

7         Use Part II of this Proof of Claim "Schedule of Transactions in Alphabet Class A and/or

8   Class C stock," to supply all required details of your transaction(s) in Alphabet Class A and/or Class

9   C stock.  If you need more space or additional schedules, attach separate sheets giving all of the

10  required information in substantially the same form.  Sign and print or type your name on each

11  additional sheet.

12        On the schedules, provide all of the requested information with respect to *all* of your

13  holdings, purchases or acquisitions and *all* of your sales of Alphabet Class A and/or Class C stock,

14  whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may

15  result in the rejection of your claim.

16        List these transactions separately and in chronological order, by trade date, beginning with

17  the earliest.  You must accurately provide the month, day and year of each transaction you list.

18        For short-sale transactions, the date of covering a "short sale" is deemed to be the date of

19  purchase of Alphabet stock, and the date of a "short sale" is deemed to be the date of sale of

20  Alphabet stock.

21        For each transaction, you must provide, together with this Proof of Claim, copies of

22  stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing

23  your transactions in Alphabet Class A and/or Class C stock.  If any such documents are not in your

24  possession, please obtain a copy or equivalent documents from your broker because these documents

25  are necessary to prove and process your claim.  Failure to provide this documentation could delay

26  verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE**

27  **INFORMATION ABOUT YOUR TRANSACTIONS IN ALPHABET STOCK**.

28

1  PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall
2  receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any
3  Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no
4  distribution will be made to that Authorized Claimant.

5  UNITED STATES DISTRICT COURT

6  NORTHERN DISTRICT OF CALIFORNIA

7  *In re Alphabet, Inc. Securities Litigation*

8  Master File No. 3:18-cv-06245-TLT

9  PROOF OF CLAIM AND RELEASE

10
11  Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

12  July 25, 2024

13  Please Type or Print

14  **REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER**
15  **DOCUMENTATION OF YOUR TRANSACTIONS IN ALPHABET CLASS A AND/OR**
16  **CLASS C STOCK.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY**
17  **VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

18
19
20
21
22
23
24
25
26
27
28

**PART I: CLAIMANT IDENTIFICATION**

Last Name — M.I. — First Name

Last Name (Co-Beneficial Owner) — M.I. — First Name (Co-Beneficial Owner)

○ IRA     ○ Joint Tenancy     ○ Employee     ○ Individual     ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER     or     Taxpayer Identification Number

Telephone Number (Primary Daytime)     Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City — State — Zip Code

Foreign Province — Foreign Postal Code — Foreign Country Name/Abbreviation

PART II:     SCHEDULE OF TRANSACTIONS IN ALPHABET CLASS A AND/OR CLASS C STOCK

    A.     Number of shares of Alphabet Class A stock held at the close of trading on April 22, 2018: _____

Proof Enclosed?
○ Y
○ N

    B.     Number of shares of Alphabet Class C stock held at the close of trading on April 22, 2018:

Proof Enclosed?
○ Y
○ N

C.   Purchases or acquisitions of Alphabet Class A and/or Class C stock between April 23, 2018 and July 26, 2019, inclusive:[2]

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Class A or Class C | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. | 1. | | 1. |
| 2. | 2. | | 2. |
| 3. | 3. | | 3. |

D.   Sales of Alphabet Class A and/or Class C stock between April 23, 2018 and July 26, 2019, inclusive:

| SALES | | | | |
|---|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Class A or Class C | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| 1. ___/___/____ | | | $ _____ . 0 0 | ○Y ○N |
| 2. ___/___/____ | | | $ _____ . 0 0 | ○Y ○N |
| 3. ___/___/____ | | | $ _____ . 0 0 | ○Y ○N |
| 4. ___/___/____ | | | $ _____ . 0 0 | ○Y ○N |

E.   Number of shares of Alphabet Class A stock held at the close of trading on April 30, 2019:

Proof Enclosed?
○Y
○N

F.   Number of shares of Alphabet Class C stock held at the close of trading on April 30, 2019:

Proof Enclosed?
○Y
○N

G.   Number of shares of Alphabet Class A stock held at the close of trading on July 26, 2019:

Proof Enclosed?
○Y
○N

H.   Number of shares of Alphabet Class C stock held at the close of trading on July 26, 2019:

Proof Enclosed?
○Y
○N

---

[2]   Information requested about your purchases or acquisitions on May 1, 2019 through and including the close of trading on July 26, 2019 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Settlement Class Period.

1

2

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

3

4

5

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

6

7

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

8

9

10

11

12

13

14

15

16

17

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Action, including the releases and the covenants set forth herein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Alphabet Class A and/or Class C stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

18

**V.    RELEASES**

19

20

21

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the "Released Claims" (as defined below") each and all of the "Released Defendant Parties" (as defined below).

22

23

24

25

26

27

28

2.      "Released Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law, or any other law, rule or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Alphabet Class A and/or Class C common stock during the period from April 23, 2018 through April 30, 2019, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or

EX. 2 – PROOF OF CLAIM AND RELEASE
3:18-cv-06245-TLT                                                                                        - 8 -

omissions that were or could have been alleged by Lead Plaintiff and other members of the Settlement Class in the Action.  The definition of Released Claims includes, but is not limited to, claims arising out of Alphabet's results in the fourth quarter of 2018 or the first quarter of 2019. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

3.      "Released Defendant Parties" means each and all of the Defendants, and each and all of their Related Persons.

4.      "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the "Released Plaintiff Parties" (as defined below), including Lead Counsel and Settlement Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

5.      "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

6.      "Released Plaintiff Parties" means the Lead Plaintiff, each and every Settlement Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

7.    "Unknown Claims" means any and all Released Claims of every nature and description against the Released Defendant Parties that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants' Claims, and including, without limitation, those that, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude itself, herself or himself from the Settlement Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settlement Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Released Parties may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of Released Claims or Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any

and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Parties acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

8.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

9.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

10.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Alphabet Class A and/or Class C stock during the Settlement Class Period and the number of Alphabet Class A and/or Class C shares held by me (us) at the close of trading on April 22, 2018, April 30, 2019, and July 26, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                           (Month/Year)                              (City/State/Country)

_____          _____
(Sign your name here)                             (Sign your name here)

_____          _____
(Type or print your name here)                    (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g.,             (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)  Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN JULY 25, 2024, ADDRESSED AS FOLLOWS:**

*Alphabet Securities Settlement*
Claims Administrator
c/o _____
P.O. Box _____
Los Angeles, CA _____-_____
www.AlphabetSecuritiesSettlement.com

EXHIBIT 3

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  ELLEN GUSIKOFF STEWART (144892)
   JASON A. FORGE (181542)
3  LAURA ANDRACCHIO (187773)
   MICHAEL ALBERT (301120)
4  J. MARCO JANOSKI GRAY (306547)
   TING H. LIU (307747)
5  KENNETH P. DOLITSKY (345400)
   SARAH A. FALLON (345821)
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8  elleng@rgrdlaw.com
   jforge@rgrdlaw.com
9  landracchio@rgrdlaw.com
   malbert@rgrdlaw.com
10 mjanoski@rgrdlaw.com
   tliu@rgrdlaw.com
11 kdolitsky@rgrdlaw.com
   sfallon@rgrdlaw.com
12
   Lead Counsel for Plaintiff
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION | Master File No. 3:18-cv-06245-TLT |
| | CLASS ACTION |
| This Document Relates To: | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | EXHIBIT 3 |

1
2
3

**TO:   ALL PERSONS WHO PURCHASED OR ACQUIRED ALPHABET, INC. ("ALPHABET") CLASS A AND/OR CLASS C STOCK DURING THE PERIOD FROM APRIL 23, 2018, THROUGH APRIL 30, 2019, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

4

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

5       YOU ARE HEREBY NOTIFIED that a hearing will be held on September 24, 2024, at 2:00

6  p.m., before the Honorable Trina L. Thompson at the United States District Court, Northern District

7  of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 9 – 19th

8  Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether: (1) the proposed

9  settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of

10  Settlement ("Stipulation")[1] for $350,000,000 should be approved by the Court as fair, reasonable,

11  and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the

12  Action with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement

13  Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"),

14  which is discussed below), and, if so, in what amounts; and (4) the Plan of Allocation should be

15  approved by the Court as fair, reasonable, and adequate.

16       IF YOU PURCHASED OR ACQUIRED ALPHABET CLASS A AND/OR CLASS C

17  STOCK FROM APRIL 23, 2018, THROUGH APRIL 30, 2019, INCLUSIVE, YOUR RIGHTS

18  MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

19       To share in the distribution of the Settlement Fund, you must establish your rights by

20  submitting a Proof of Claim by mail **(postmarked no later than July 25, 2024)** or electronically

21  **(no later than July 25, 2024)**.  Your failure to submit your Proof of Claim by July 25, 2024, will

22  subject your claim to rejection and preclude you from receiving any of the recovery in connection

23  with the Settlement of this Action.  If you purchased or acquired Alphabet Class A and/or Class C

24  stock from April 23, 2018 through April 30, 2019, inclusive, and do not request exclusion from the

25  Settlement Class, you will be bound by the Settlement and any judgment and release entered in the

26  Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

27

28

---

[1]       The Stipulation can be viewed and/or obtained at www.AlphabetSecuritiesSettlement.com.

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                                    - 1 -
4889-8956-6107.v3

1    You may review the Notice, which more completely describes the Settlement and your rights

2    thereunder (including your right to object to the Settlement), access the Proof of Claim, and find the

3    Stipulation (which, among other things, contains definitions for the defined terms used in this

4    Summary          Notice)          and          other          Settlement          documents,          online          at

5    www.AlphabetSecuritiesSettlement.com, or by writing to:

6    *Alphabet Securities Settlement*
     c/o Gilardi & Co. LLC
7    P.O. Box _____
     _____, ____ _____-_____
8
     Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.
9
     Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead
10
     Counsel:
11
     ROBBINS GELLER RUDMAN & DOWD LLP
12   Ellen Gusikoff Stewart
     655 West Broadway, Suite 1900
13   San Diego, CA 92101
     Telephone: 800/449-4900
14   settlementinfo@rgrdlaw.com

15    IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST

16   SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY AUGUST**

17   **23, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL SETTLEMENT

18   CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT

19   SUBMIT A TIMELY PROOF OF CLAIM.

20    IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO

21   OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUEST BY

22   LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 19% OF THE

23   SETTLEMENT   AMOUNT   AND   EXPENSES   NOT   TO   EXCEED   $1,750,000.   ANY

24   OBJECTIONS MUST BE SENT TO THE CLAIMS ADMINISTRATOR **BY AUGUST 23, 2024**,

25   IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

26   DATED: _____          BY ORDER OF THE COURT
                                           UNITED STATES DISTRICT COURT
27                                         NORTHERN DISTRICT OF CALIFORNIA

28

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
3:18-cv-06245-TLT                                                                - 2 -
4889-8956-6107.v3